ANN E. BODWELL *vs.* JOSEPH R. BODWELL.

When on a libel for divorce for desertion the evidence relied upon to prove the desertion raises rather a presumption of death, the libel will be dismissed.

LIBEL by a wife for divorce for utter desertion, filed October, 1872. Notice was ordered to be given by publication in a newspaper, in the usual form. This order was complied with, and, there being no appearance on behalf of the libellee, a default was entered.

At the hearing, before *Ames,* J., the marriage and the cohabitation of the parties within the Commonwealth were proved. It further appeared that the parties lived together in Reading, in the county of Middlesex, until some time in the year 1857, when the husband went to California, in the hope of finding employment. The separation was friendly and by mutual consent, and it did not appear that it was intended or understood by the husband or by the wife to be a permanent one. A frequent and affectionate correspondence by letter was kept up between them for about three years, the last letter she received from him being dated in December, 1860, when the correspondence on his part terminated abruptly. The libellant, from inquiry, had been able to obtain no information whatever about him since that time, and did not know whether he was alive or dead. Since the receipt of that letter she had neither heard from him nor of him.

The question whether, upon these facts, desertion could properly be inferred, and a divorce for that cause lawfully or properly granted, was reserved for the consideration of the full court.

*S. B. Ives, Jr.,* for the libellant. That the husband is either dead, or wilfully and utterly deserting his wife, is clear. If he be dead, the decree of divorce, being a nullity, can harm no one if he be alive, she is entitled to it. The presumption of death, if it be a bar to her libel, unites her to his corpse for the rest of her life.

No appearance for the libellee.

AMES, J. Until the cessation of the correspondence between these parties, there had been no indication of an intended deser-

tion on the part of the husband. So far as any inference can be drawn from the long continued non-intercourse, and the total loss of all trace of him since that time, it has fully as strong a tendency to prove that he is not now living, as that he wilfully deserted her and has concealed from her the fact that he is still living. The rule is well settled, for most judicial purposes, that the presumption of life, with respect to persons of whom no account can be given, ends at the expiration of seven years from the time they were last known to be living, after which the burden of proof is devolved upon the party asserting the life of the individual in question. 2 Greenl. Ev. § 278 *f*, and cases there cited. The only evidence on which the libellant relies as proof of desertion is that which raises a presumption of her husband's death. It is true that this is a presumption of fact and may be rebutted. *Flynn* v. *Coffee*, 12 Allen, 133. But this presumption the evidence reported is not sufficient to overcome. On the contrary, the circumstances of the separation, and the character of the correspondence so long as it lasted, are such as to repel the inference of wilful desertion. We must therefore decide that, as the libellant has not proved either that her husband deserted her, or that he is still alive, no divorce can be granted upon her petition. *Libel dismissed.*