CHARLES D. WHIPPEN *vs.* ANNIE C. WHIPPEN.

Suffolk.	March 15, 1888. — June 21, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Divorce — Desertion — Presumption of Death — Actual Knowledge —
Remarriage — Adultery — Polygamy.*

If a husband, who has been deserted by his wife for seven years, and who has no
actual knowledge that she is alive, goes through a form of marriage and co-
habits with another woman, he is guilty of adultery, and is precluded from
obtaining a divorce for such desertion, there being no presumption of the wife's
death, and it not appearing that he had no belief or reason to believe that she
was alive, or information which would lead upon inquiry to actual knowledge.

LIBEL, filed June 25, 1887, for divorce on the ground of de-
sertion. Hearing before *C. Allen*, J., who reported the case
for the consideration of the full court as follows. The desertion,
which was alleged to have taken place on February 5, 1875, was
proved. Immediately thereafter the libellee moved from Bos-
ton, where she had lived with the libellant, to Cambridge, and
her place of residence was known to the libellant. She has ever
since lived in Cambridge and Boston, at different places, but
under no concealment. There was no presumption of her death.
On October 23, 1883, the libellant married again. At this time,
the libellee had remained absent from him for seven years to-
gether, he not actually knowing her to be living within that
time. If, upon these facts, the libellant was entitled to a di-
vorce, then a decree for a divorce was to be entered; other-
wise not.

*J. F. Wakefield*, for the libellant.

No counsel appeared for the libellee.

W. ALLEN, J. We understand the finding in the report of
the libellant's marriage to include the fact of cohabitation. The
argument for the libellant is, that, as the libellee had at that
time deserted him and been absent from him for seven years,
he not actually knowing her to be living within that time, he
was not guilty of polygamy, and that cohabitation under such
a marriage would not be adultery. Assuming, without deciding,
that the words " not knowing " in the statute defining polygamy,

Pub. Sts. c. 207, §§ 4, 5, have the same meaning as the words "not actually knowing" in the report, and that, upon the facts stated in the report, the libellant could not be convicted of polygamy, it does not follow that the cohabitation was not adulterous. Even if the libellant could not be punished under the statute for the marriage, it was void, and did not affect his former marriage. He had a wife from whom he had not been divorced, and, unless there was a presumption of her death, cohabitation with another woman was adultery. *Commonwealth* v. *Mash*, 7 Met. 472. *Commonwealth* v. *Thompson*, 6 Allen, 591, and 11 Allen, 23. The report expressly finds that there was no presumption of the death of the wife. If there had been such a presumption during cohabitation, there would be much reason for granting a divorce to the libellant, not only because he would not have been guilty of adultery under the criminal law, but because, by reason of her presumed death, he could not have obtained a divorce from his wife. *Bodwell* v. *Bodwell*, 113 Mass. 314. The St. of 1884, c. 219, was enacted subsequently. But where there is no presumption of her death, and it does not appear that he did not have reason to believe, and that he did not believe, that she was alive, or that he did not have information of her which would have led to actual knowledge had he made inquiry, the fact that he did not have actual knowledge that she was living is no excuse for cohabiting with another woman after a form of marriage with her.

The fact that she had given him cause of divorce from her for desertion did not prevent his subsequent adultery from being such a violation of his marital duties as would preclude him from taking advantage of her wrong.

*Libel dismissed.*