THOMAS W. DODD ET AL. v. HENRY HEIN.

Decided April 24, 1901.

Divorce—Attorney Fees.

It is the wife who must in good faith and on probable cause bring and prosecute the suit for divorce in order to constitute the services rendered for her by counsel necessaries for which the husband will be liable; and the bona fide belief of the attorneys whom she employed to bring the suit, that she has upon the representations made to them by her a sufficient ground for divorce, is not sufficient to fix liability upon the husband for their fees where, upon the trial, a divorce was denied the wife because of her misconduct.

Appeal from Webb. Tried below before Hon. A. L. McLane.

*J. O. Nicholson,* for appellants.

*A. Winslow,* for appellee.

NEILL, ASSOCIATE JUSTICE.—The appellants, Thomas W. Dodd and J. F. Mullaly, brought this suit against the appellee, Henry Hein, to recover $500, the alleged value of services rendered by them as attorneys at law in instituting and prosecuting a suit for divorce for appellee's wife against him. In their petition the appellants alleged in substance that they, as attorneys at law, were consulted by Refugio Benavides de Hein, the appellee's wife, in regard to the institution and prosecution in her behalf of a suit for a divorce against her husband. That in such consultation she represented to them, as grounds for divorce, excesses, cruel, and outrageous treatment towards her on the part of her husband, such as rendered their living together as husband and wife insupportable, and that such excesses and cruel treatment were of such character as to reasonably cause her to fear for her personal safety and to seriously impair her health. That appellants, relying upon and believing from her said representations, and the statements of others, that said representations were true, and being of the opinion as attorneys at law that the matters stated by her in said consultation were true, and constituted good ground for divorce, drafted in good faith and filed on the 8th day of November, 1899, in the District Court of Webb County, in which county appellee and his wife were bona fide residents, and had been for more than six months next preceding the institution of the divorce suit, a petition embodying the matters stated by her in said consultation for a divorce from her husband.

That after the petition for divorce was filed, the appellee herein (the defendant in said divorce suit), on the 22d day of January, 1899, filed his answer and cross bill, in which he alleged excesses on the part of his wife towards him of such nature and character as rendered his longer living with her as husband insupportable.

That after said petition and answer were filed, the divorce suit was tried before a jury, who found as their verdict that the conduct of the parties thereto towards each other was not of such a nature as to render their living together insupportable, and that upon said verdict judgment was rendered by the District Court denying a divorce

That appellants, as attorneys at law, instituted and prosecuted said divorce suit to final judgment in good faith. But that the allegations made by the appellee in his cross-bill and his prayer for divorce were not made in good faith, but for the purpose of defeating the divorce prayed for by his wife, so as to prevent a partition to her by the court of her interest in their community property, and that she was in fact defeated in the divorce suit by reason of the proof against her of the matters alleged in said cross-bill.

To the sufficiency of appellants' petition, the appellee excepted upon the ground that it showed no cause of action. The exception being sustained, and appellants declining further to amend, final judgment was entered that they recover nothing by their suit, and that the appellee, Henry Hein, go hence without day.

The assignments of error complain of the court's sustaining the exception to appellants' petition.

That counsel for the wife in a divorce proceeding can recover, in an independent action against the husband, a reasonable fee for services in a divorce suit, when the grounds for the divorce were probably true, and there was reasonable cause for bringing the suit, and the suit was brought in good faith, seems now to be settled law in this State. Ceccato v. Deutschman, 19 Texas Civ. App., 434; Bord v. Stubbs, 22 Texas Civ. App., 242; McClelland v. McClelland, 37 S. W. Rep., 350. These decisions, as do all the American opinions fixing such liability upon the husband, proceed upon the principle that the services rendered by counsel for the wife in instituting and prosecuting a suit for divorce against the husband are as for necessaries furnished the wife.

To constitute such services rendered the wife by counsel necessaries, it is essential that they be rendered in the prosecution of a bona fide suit for divorce, based upon reasonable grounds, instituted and conducted in good faith, and on probable cause. It is the wife who must in good faith and on probable cause institute and prosecute the suit for a divorce, in order to constitute the services rendered by counsel necessaries. The bona fide belief of counsel whom she may have employed to institute such proceedings, that she has upon representations made to him by her a sufficient ground for divorce, is not sufficient. If her representations to counsel are untrue, and she is not, under all the facts and circumstances known to her, reasonably entitled to a divorce, she can not institute and prosecute a suit therefor in good faith, and to charge her husband with the fees of her counsel in such case would not be a charge for necessaries furnished her, for the services of counsel so rendered would be wholly unnecessary. As is said by the Supreme Court of Georgia in Sprayberry v. Merk, 30 Georgia, 81, 76 American Decisions, 637: "As this power on her part is founded on the necessity of the case, so its extent does not exceed the demands of the necessity. Where the action is not necessary for the wife's protection, or it does not appear that the grounds for the wife's complaint were true, the law will not imply a promise on the part of the husband to pay for legal services rendered to the wife in prosecuting an action for divorce." Sherwin v. Maben, 78 Iowa, 476, 43 N. W. Rep., 292.

In our opinion it affirmatively appears from appellants' petition that the suit for divorce, in which they claim that the appellee is liable to them for services rendered as counsel, was not brought and prosecuted in good faith upon probable ground by appellee's wife, and that she was not entitled to a divorce in the suit wherein the alleged professional services were rendered by appellants; and that therefore their petition states no cause of action, and the court below did not err in sustaining appellee's exception to it.

*Affirmed.*