Flora D. Kirby, Appellant, v. Emery A. Kirby, Appellee.

## Gen. No. 5338.

DIVORCE—*when desertion established.* If a man has without cause absented himself from his wife for a period of four and a half years, does not contribute to her support or to the support of his children, and advises his wife that he has entered into adulterous relations with another woman, the ground of desertion is established notwithstanding

he may have corresponded with his wife and indicated an intention to visit her.

Divorce. Appeal from the Circuit Court of Knox county; the Hon. GEORGE W. THOMPSON, Judge, presiding. Heard in this court at April term, 1910. Reversed and remanded. Opinion filed October 18, 1910.

R. D. ROBINSON, for appellant.

No appearance for appellee.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

On July 19, 1904, Flora Welker and Emery A. Kirby were married. At that time, she was living with her parents on a farm, and Kirby was working by the month for a neighboring farmer. After their marriage she still lived with her parents and Kirby continued to work on the neighbor's farm, visiting her Sundays and spending a night with her occasionally until December, 1904, when he left the State. He never returned. On September 7, 1909, she filed a bill for divorce against him, alleging that she had been a resident of the county and State for more than two years; that they were lawfully married; that she had conducted herself as a faithful wife; that he deserted her without reasonable cause, and still persisted in such desertion; and that a male child was born as a result of the marriage. The bill prayed for a dissolution of the marriage, and that complainant have the care and custody of the child, and for other relief. Service was had on Kirby by publication and by mailing to his last known address a notice of the commencement of the suit, as required by statute. He was defaulted for want of answer, proofs were heard, the bill was dismissed for want of equity, and complainant prosecutes this appeal.

The proof shows that when appellee left Illinois, he went to Iowa, and from there went west. He enlisted in the navy and deserted after two months' service. When last

heard from, he was living in Seattle under the name of "Dick Slater." Appellant and her father and brother testified that the relations between the two were pleasant; that all were willing that he should live with her at the home of her parents; that while he once rented a place he did not furnish it; that he had no reasonable cause for deserting his wife, and that he had not been back since he went away. The proof was conclusive that appellee did not at any time after their marriage furnish appellant with any money, provide her with a home or pay her board or clothe her; that he had not contributed anything to the support of the child; that her father had supported her ever since the marriage, and the child since its birth. Appellant testified that appellee wrote her about two dozen letters during his absence, and that sometimes the correspondence was friendly and somtimes not. Two letters written by appellee to appellant, one signed "Dick Slater" the other unsigned, were produced. One was dated June 1, 1909, and one June 20, 1909. The letter of June 1, contained the following: "If I have good luck you and baby and I will take Xmas dinner at my mother's, that is a good long way ahead to plan but I am going to plan anyway. I guess you will go, won't you? I guess you will have to address all letters by the name I am going by now." This letter was unsigned. The letter of June 20 was as follows:

"Seattle, Wash.
June 20, '09.

Dear Wife and Baby:
Inclose you will find a letter that you sent to me. Now you can do as you like; if you want someone else why you go to it, for I do not care one way or the other, I have some one to sleep with every night so why should I care; so do as you like; this world is wide and when I cannot live in the good old U. S. why I will get out. I do not like Seattle very well but I think I will stay here a while as far as I know now. I have not been to the fair yet, I do not know whether I will go or not. I know your folks do not like me and I don't care. I do not know anything more to write, I have written so many to other girls I am tired and I have two or

three more to write so will close and write if you feel like it, and if not all right.

Yours in haste.
Dick Slater,
410½ Ave. So.,
Seattle,
Washington."

This was the last letter he wrote to his wife and she brought this suit about two and a half months later. The statute provides that if either party has wilfully deserted or absented himself or herself from the other without any reasonable cause for the space of two years, it shall be lawful for the injured party to obtain a divorce. At the time of filing the bill, appellee had been gone about four years and three quarters and even though he had written her perhaps twenty-four letters and though in one written four and a half years after he went away, he said he was going to plan to eat Christmas dinner with his wife and baby at his mother's home, which seems to have been in Iowa, this did not justify his absence or make it anything other than desertion. There was nothing to show that he absented himself with appellant's consent. She testified that she did not know why he left and that he did not tell her when he was going, but that she never expected that he would return. His letter of June 1 was written long after the cause for divorce had matured, and if appellee had returned on the date indicated, it would not have barred appellant's right to a divorce. He had sent his wife and child no money during the time he had been away, either for their support or that they might go to him, and less than three weeks after the date of the letter referred to, he wrote another and his last letter to his wife by which he undoubtedly intended her to understand that he was living in adulterous relations with another woman. When a man who has not seen his wife for four and one half years nor aided in her support, establishes adulterous relations with another woman, and so advises his wife, this certainly tends strongly to show that he has deserted his wife. The letter of June 1, 1909, suggesting that he might meet her six months later at his mother's could not

bar the right to a divorce which had already accrued to her, under the statute; but the later letter of June 20, 1909, makes it obvious that the former letter was not written in sincerity. In our opinion the evidence in this case shows that appellee never performed his marriage obligations, and that he is guilty of wilful desertion, entitling appellant to be released from him.

The decree of the circuit court is reversed, and the cause remanded, with directions to the court below to grant appellant a decree of divorce and award her the custody of the minor child.

*Reversed and remanded with directions.*

MR. JUSTICE THOMPSON took no part.