[No. 11374. Department Two. April 1, 1914.]

GUY F. EGBERS, *Respondent*, v. CHARLOTTE M. EGBERS,
*Appellant*.[1]

DIVORCE—ACTIONS—DEFENSES. It is no defense to a husband's
cause of action for divorce that the wife, after the commencement
of the action, offered to make amends for past misconduct.

DIVORCE—ACTIONS—TRIAL—REOPENING CASE. Upon reopening a
divorce trial for further evidence, it is not an abuse of discretion
to refuse to hear evidence of adultery on the part of the plaintiff,
where it was not newly discovered, the wife knew the facts before
the commencement of the action, was given a liberal allowance for
suit money and attorney's fees, and offered no evidence of adultery
at the original trial after full opportunity to do so.

Appeal from a judgment of the superior court for Frank-
lin county, Holcomb, J., entered April 8, 1913, upon findings
in favor of the plaintiff, in an action for divorce, after a trial
on the merits. Affirmed.

*H. B. Noland,* for appellant.
*Merritt, Oswald & Merritt,* for respondent.

FULLERTON, J.—This is an action for divorce, brought by
a husband against his wife. In his complaint, the husband
alleged facts tending to show cruel treatment of himself by
his wife and personal indignities rendering his life burden-
some, and abandoment for more than one year. The answer
of the wife was, in effect, a general denial of the cruelty al-
leged in the complaint, and a counter charge of cruelty and
personal indignities towards herself on the part of her hus-
band. She admitted that she had lived separate and apart
from her husband for more than one year, but sought to jus-
tify herself in so doing because of the acts and conduct of her
husband; further alleging that, after the commencement of
the action, she returned to the house where her husband was

[1]Reported in 139 Pac. 767.

residing and was ready and willing to live with him as his wife.

On the issues made, a trial was had in which the parties were permitted by the court to introduce such testimony as they desired, regardless of the state of the pleadings. After the case had been closed and taken under advisement by the court, the wife changed her counsel and, appearing by such new counsel, asked leave to reopen the case and amend the answer. Leave to reopen the case and amend was granted by the court, whereupon she filed an answer alleging condonation of the alleged marital offenses, provocation on the part of her husband which excused her conduct, and adultery on his part committed after her separation from him. A rehearing was then had at which the court allowed the appellant to offer such evidence as she desired on the question of condonation, but refused to hear further evidence on the other matters alleged. The cause was thereupon resubmitted to the court, which later made findings of fact and conclusions of law in favor of the husband, and entered a decree dissolving the marriage relation. The wife appeals.

We shall not review the evidence on which the court based its findings of fact. It is sufficient to say that it fully supports the findings, and in itself justifies the decree rendered. Nor do the proofs show any condonation of the marital offenses committed by the appellant. The evidence shows that they were not only uncondoned, but that the appellant had no desire that they should be condoned, until, perhaps, after the action had been commenced; and the trial court found that her conduct looking to that end after that time was not had in good faith. But whether this finding be justified or not, her offer at that late day to make amends for her past misconduct did not constitute a defense to her husband's cause of action against her.

The most serious question in the case is the action of the court in refusing to allow the appellant to introduce further

evidence on the charge of adultery. Since divorce is a remedy for the innocent against the guilty, it is a general rule that, if the complainant has himself been guilty of a marital offense, in itself sufficient to give rise to a cause of action for divorce, he cannot be heard to complain of marital offenses on the part of his spouse (14 Cyc. 648; *Day v. Day*, 71 Kan. 385, 80 Pac. 974); and had the appellant been denied, in the first instance, the right to offer proofs of adultery on the part of the respondent, we would have no hesitancy in saying that she ought to have such an opportunity now. But here she was not denied the right. True, her answer as originally filed did not set up adultery as a defense; but, as we say, the court did not restrict her evidence on the original trial to the matters therein alleged. On the contrary, it listened to all she had to offer at that trial, and much was made a part of the record concerning the respondent's conduct with women which, strictly speaking, were outside of the issues defined by the pleadings. This evidence, while it tended to show a somewhat close friendship between the respondent and certain of his women acquaintances, did not show undue familiarity with them, or anything which, to our minds, points to the crime of adultery. The trial judge had something of discretion whether he would allow the case to be reopened for further evidence on the particular matter, and the real question is, did he abuse his discretion. On the face of the record, we are constrained to hold there was no such abuse. The evidence she sought to introduce was not newly discovered. Her own letters, written to her husband prior to the commencement of the action, make it clear that she knew the facts which gave rise to her suspicions. She was made a liberal allowance for suit money and attorney's fees. These circumstances, considered with the fact that she offered nothing definite on the original trial concerning the charge of adultery, reasonably, we think, give rise to the conclusion of the trial judge that she was not acting in entire good faith.

We conclude, therefore, that there is no reversible error in the record, and that the decree should stand affirmed. It is so ordered.

CROW, C. J., MOUNT, MORRIS, and PARKER, JJ., concur.