## William A. Compton, Defendant in Error, v. Mary Pearl Compton, Plaintiff in Error.

### (Not to be reported in full.)

Error to the Circuit Court of McDonough county; the Hon. ROBERT J. GRIER, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917.

## Statement of the Case.

Bill by William A. Compton, complainant, against Mary Pearl Compton, defendant, for divorce on the ground of desertion for more than two years, and cross-bill by defendant against complainant for divorce on the ground of extreme and repeated cruelty. From a decree dismissing the cross-bill for want of equity and granting a divorce on the original bill, defendant brings error.

H. W. MASTERS and E. L. MASTERS, for plaintiff in error.

CHARLES W. FLACK and GEORGE D. TUNNICLIFF, for defendant in error.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

## Abstract of the Decision.

1. DIVORCE, § 12*—*what constitutes extreme and repeated cruelty.* Cruelty, under the divorce statute, means physical acts of violence, bodily harm such as endangers life and limb, such acts as raise a reasonable apprehension of bodily harm and show a state of personal danger incompatible with the marriage state; and bad temper, petulance of manner, rude language, want of civil atten-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tions, or angry or abusive words are not sufficient grounds for divorce for extreme and repeated cruelty.

2. DIVORCE, § 12*—*what does not constitute extreme and repeated cruelty.* In a suit for divorce on the ground of extreme and repeated cruelty, where the only acts of cruelty shown were nine years apart, one of which was a mere slapping in the face, not producing any bruise, after which the parties continued to live happily together for many years, and the other occurred while complainant was trying to get a stick pin away from defendant, when he turned and knocked her down, apparently not in anger, *held* that the court did not err in directing a verdict for the defendant.

3. INSTRUCTIONS, § 120*—*when properly refused.* An instruction which ignores undisputed evidence is properly refused.

4. DIVORCE, § 11*—*when consent to separation may be withdrawn.* Consent to a separation between a husband and wife may be withdrawn at any time within the two years under the divorce statute as to desertion.

5. APPEAL AND ERROR, § 1560*—*when refusal of instruction harmless error.* Refusal to give an instruction as to the credibility of witnesses, *held* not reversible error in view of other instructions given.