## YEAGER v. BRADLEY. (No. 6194.)

(Court of Civil Appeals of Texas. Austin. June 9, 1920. Rehearing Denied Oct. 27, 1920. Dismissed by Supreme Court for Want of Jurisdiction Feb. 2, 1921.)

Husband and wife ⬅151(5)—Wife not liable for attorney's fee in divorce suit not brought in good faith, such services not being "necessaries."

Attorney cannot recover from married woman for services in prosecuting a divorce suit, not instituted by her in good faith and with probable cause; such services not being a necessary, within Acts 33d Leg. (1913) c. 32, providing that a married woman cannot bind herself by contract, except for the benefit of her separate estate and for "necessaries."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Necessaries.]

Appeal from McLennan County Court; Jas. P. Alexander, Judge.

Action by James E. Yeager against Mrs. Belle Bradley. Judgment for defendant, and plaintiff appeals. Affirmed.

James E. Yeager, of Waco, pro se.
R. A. Word, of Waco, for appellee.

### Findings of Fact.

JENKINS, J. This case was tried before the court without a jury. The court filed findings of fact, as follows:

"(1) I find that plaintiff, on September 15, 1918, was a practicing attorney, at Waco, Tex., and on that date was employed by defendant, then a married woman and the wife of John Bradley, now deceased, to bring suit against her husband for divorce, the custody of their minor children, and division of community property, for which she at the time agreed to pay plaintiff a reasonable fee, to be fixed by the court or by subsequent agreement.

"(2) I find that thereafter, on October 8, 1918, plaintiff, as attorney for defendant herein, filed in the district court of McLennan county, Tex., an original petition for divorce, custody of minor children, and partition of community property.

"(3) I find that on October 11, 1918, defendant made and delivered to plaintiff a promissory note for the sum of $150, payable in installments of $5 every two weeks thereafter until the full amount was paid, with 10 per cent. interest from date; that said note was given for services rendered and to be rendered by plaintiff to defendant in the prosecution of her above-mentioned suit for divorce.

"(4) I find that the said John Bradley, the former husband of defendant in this cause, departed this life about October 28, 1918. * * *

"(5) I find that at the time the contract between plaintiff and defendant was made, and at the time the services were rendered to defendant by plaintiff with reference to her said divorce suit, she was a married woman, and under the disability of coverture; and I further find that at said dates and times, the evidence failing to show the contrary, the services of an attorney were not needed by her, that said divorce suit was not instituted by her in good faith and for a probable cause, and that the services of plaintiff, as her attorney, were not 'necessary,' as that word is used in chapter 32, of Acts Regular Session of 33d Legislature, relating to husband and wife, and separate and community property."

Upon these findings of fact, the court rendered judgment for the defendant.

### Opinion.

A married woman cannot bind herself by contract, except for the benefit of her separate estate and for necessaries. Whether an attorney for a married woman in a divorce suit is a "necessary" within the meaning of the statute depends upon whether or not she has good grounds for divorce. It has been held in this state that an attorney can recover an attorney's fee from the husband for services rendered a wife in a divorce suit, where the wife had good grounds for divorce, upon the grounds that, the husband having acted in such manner as to force the wife to leave him, by virtue of which she became entitled to a divorce, an attorney in such case is a necessity, and that the husband is liable for a reasonable fee for representing her. McClelland v. McClelland, 37 S. W. 350.

On the other hand, it has been held that, where the suit is not brought in good faith, the husband cannot be held liable for the wife's attorney's fees. The good faith in such matter relates to the wife, and not to the attorney bringing the suit. If the wife has no sufficient grounds for a divorce, and especially if she has no good reasons to believe that she has such grounds, it cannot be said that an attorney to file a divorce suit for her is a necessity. Such being the case, such suit would be wrongfully brought. Hill v. Hill, 125 S. W. 93.

In the instant case, the court found that the divorce suit was not brought in good faith. It is doubtful if the petition filed by appellant set forth such grounds as that a court would have granted the divorce upon proof of their truthfulness. However, appellant stated that he omitted material allegations, with a view of obtaining a settlement without trial in court, and that he intended to amend his petition. Aside from this, we cannot say that the finding of the court that the suit was not brought in good faith is not sustained by the evidence. No evidence was offered to prove the truthfulness of any of the allegations set forth in plaintiff's petition for divorce, notwithstanding the fact that the plaintiff in that case, the appellee herein, was present and testified in this cause.

Not being able to say from the record that

the trial court rendered an improper judgment herein, the motion for rehearing is granted, and the judgment of the trial court is here affirmed.

Motion granted. Judgment affirmed.