That this made appellant the agent of Smith for the purpose of paying the money so turned over to appellant to the authorities seems clear. Smith v. State, 53 Tex. Cr. R. 121, 109 S. W. 118, 17 L. R. A. (N. S.) 531, 15 Ann. Cas. 435; Adams v. State, 75 Tex. Cr. R. 516, 172 S. W. 219.

Regretting our inability to agree with the propositions advanced, the motion for rehearing will be overruled.

---

**HOWARD et al. v. LA COSTE.**    (No. 1157.)*

(Court of Civil Appeals of Texas. Beaumont. Dec. 27, 1924. On Rehearing, March 3, 1925. Rehearing Denied March 25, 1925.)

**1. Divorce ⬅197—Wife's attorneys' fees in bringing or defending divorce chargeable against husband as necessaries.**

Where wife brings or defends a suit for divorce in good faith and upon probable cause, reasonable attorneys' fees incurred by her are properly chargeable against husband upon ground that such fees are necessary for protection of right given her by law.

**2. Divorce ⬅197—Requisite good faith rendering wife's attorneys' fees chargeable to husband as necessaries refers to wife.**

Good faith as a requisite to charging husband with wife's attorneys' fees incurred in prosecuting or defending divorce, on theory of necessaries, refers to good faith of wife, and not to attorney who brings or defends suit for her.

On Motion for Rehearing.

**3. Divorce ⬅172—Successful defense by wife conclusive evidence of good faith and probable cause rendering fees chargeable as necessaries.**

In suit by wife's attorneys against husband, for fees earned in defending suit for divorce, on theory that defense by wife made in good faith and upon probable grounds is a necessary, judgment denying divorce and dismissing divorce suit *held* ample and conclusive evidence of good faith and probable grounds.

O'Quinn, J., dissenting on rehearing.

Appeal from Jefferson County Court; C. N. Ellis, Judge.

Suit by B. B. Howard and others against John La Coste. From a judgment for defendant, plaintiffs appeal. Reversed and rendered.

Keen & McNeill, of Beaumont, for appellants.

Reynolds & O'Neal, of Port Arthur, for appellee.

O'QUINN, J. Appellants sued appellee in the county court at law of Jefferson county, Tex., to recover the sum of $380, the alleged value of services rendered by them and expenses incurred as attorneys at law in representing appellee's wife as defendant in a suit brought by appellee against her in the district court of Jefferson county, Tex., for divorce,' wherein judgment was rendered against appellee denying him the divorce. In their petition appellants alleged:

"I. For cause of action the plaintiffs represent to the court that heretofore, to wit, on or about the 22d day of January, 1923, the said defendant, John La Coste, filed his substituted petition for divorce against Marie La Coste, his wife, the same being cause No. 18600 in the Fifty-Eighth district court of Jefferson county, Tex.; that thereafter on or about the 22d day of January, A. D. 1923, this cause came on for trial in due order, and trial being had, the court gave judgment for the defendant Marie La Coste, denying the plaintiff's petition for divorce; that said judgment was made final; that said John La Coste has not perfected his appeal from same; that defendant John La Coste and Marie La Coste were man and wife prior to the filing of the divorce suit above described and are yet lawfully man and wife.

"II. The plaintiffs herein, B. B. Howard, H. C. Keen, and W. T. McNeill, acting at the request and at the special instance of Marie La Coste, represented her as defendant in the above-mentioned cause, and performed the usual services incident to the trial of a cause of that character, securing the judgment as above mentioned. The said legal services were necessary for said Marie La Coste, and that said defense to said suit was necessary to protect said Marie La Coste's good name and character.

"III. That the reasonable value of the legal services performed in the cause above mentioned for the said Marie La Coste is the amount of $300; that it was necessary for plaintiff B. B. Howard to make two trips from New Orleans, La., to this city in the interest of said Marie La Coste, and the expense incidental thereto totalled the amount of $80.

"IV. That said amount is now due and unpaid, and defendant, though often requested, has hitherto failed and refused and still refuses to pay the same or any part thereof, to plaintiffs' damage in the sum of $380."

Appellee answered by general demurrer and general denial.

The case was tried before the court without a jury, and judgment rendered that appellants take nothing by their suit, from which judgment they have appealed.

The case is before us upon an agreed statement of the pleadings and the facts. The pleadings are as set out above. The facts are that on November 19, 1921, appellee, John La Coste, filed suit against his wife, Marie La Coste, in the district court of Jefferson county, Tex., for divorce, and for grounds of divorce alleged:

"(3) That about ten years ago plaintiff left defendant, coming to Texas, and afterwards repeatedly requested her to come to Texas where his business was, and where he had established his home, but that for more than three years next preceding the filing of this petition she has failed and refused to come and live with plaintiff or have anything to do with him. That during all of said time they have not lived together as husband and wife, and plaintiff believes and alleges the facts to be that during all of said time it was the intention of defendant to abandon him."

Marie La Coste resided in New Orleans, La., and when she was served with citation in the divorce suit she employed B. B. Howard, one of the appellants, to resist said suit and to defend same. By and through her attorneys, appellants, she filed answer containing the following:

"To the third article of said petition she makes a denial in toto: And further answering shows that she declined to follow or live with the plaintiff for the reason that he fled this city, his former home, and matrimonial domicile, with the niece of this defendant, Lena Anna Sifker, aged about 26 years, and lived in open adultery with her in Mississippi and Texas, in parts unknown to respondent until recent years; he having left her with her children in 1912. That she now has in her possession and control a female child born of that illicit intercourse, whom she is supporting and rearing because the mother, her niece as aforesaid, died in the insane asylum at San Antonio, Tex., in 1920.

"That for the above reasons she has refused to live with her said husband, and that on account of her religious views and her age she is not desirous of seeking a divorce, but only desires that her husband provide for his legitimate and illegitimate children, who are now in her care and custody, and she reserves her right to apply to this honorable court for alimony, both for herself and children and the illegitimate child herein mentioned at a later date, and for such amount as the court may deem proper."

Said answer was duly verified by Marie La Coste. The divorce suit was tried before the court and judgment entered denying the divorce and dismissing the suit. From this judgment there was no appeal. Later, May 21, 1923, appellants, Marie La Coste's attorneys, filed this suit against John La Coste to recover their fees for representing Mrs. La Coste in the divorce suit.

John and Marie La Coste were separated in 1912, at New Orleans, La. Marie La Coste sued appellee for divorce in the district court of Orleans parish, La., and on April 9, 1913, she obtained a decree of sepa-

ration from bed and board from John La Coste, and in said decree of separation the property rights of the parties were settled and the permanent care, custody, and control of their minor children were given to Marie La Coste. Since said decree of separation, John La Coste and Marie La Coste have lived separately and apart; the said Marie La Coste residing in New Orleans, La., and John La Coste at Port Arthur, Tex. During practically all the time since the said separation John La Coste has contributed monthly in money to the support of said minor children approximately the sum of $50. He did not employ or agree to pay appellants any fee for their services in representing Marie La Coste. Under the laws of the state of Louisiana, when one party sues the other for divorce and a decree of separation from bed and board is entered, the party in whose favor same is entered may have said decree made permanent and the divorce absolute after one year from the date of the decree, by appearing before the court and showing that there has been no reconciliation, and after two years from the date of such decree, the offending party may, in same manner, have same made permanent. Neither party had made application for the decree to be made permanent at the date of the judgment in appellee's suit for divorce, January 22, 1923. The petition and answer of the parties in the divorce suit of appellee against his wife appear as evidence in the agreed statement of facts in this case. Appellants are and were practicing attorneys and were employed by Marie La Coste to represent her in resisting the granting of the divorce sued for by her husband, and performed such services and defended said suit, and it was shown that their services were reasonably worth the sum of $150, and that B. B. Howard, one of the appellants, incurred actual and necessary expenses in attending the trial and prosecuting the defense in the sum of $35.

The only point raised by appellants that requires discussion is that the court erred in not rendering judgment for appellants in the sum of $185, shown to be a reasonable attorney's fee and the actual expenses incurred; appellants contending that the facts show legal charges for necessary professional services rendered appellee's wife against her husband, John La Coste.

Although John La Coste and his wife had been separated for nearly 10 years at the time he brought his divorce suit, and although his wife had obtained a divorce from his bed and board in the state of Louisiana some eight years before the filing of said suit, nevertheless, in law, the limited divorce decree having never been made final, she was still his wife, and he so admitted by the allegation in his petition in his said divorce proceeding. Therefore, the queston is: Was he liable for the attorneys' fees of his wife in defending the divorce suit?

[1, 2] There has been some conflict in the authorities upon the question whether attorneys' fees in divorce cases are properly chargeable as a part of the court costs which may be decreed in the discretion of the court, and a like conflict upon the question whether attorneys' fees incurred by the wife in the prosecution or defense of such suits looking to her protection are necessaries for which the husband would be liable. We have no statute controlling this question. It has been held that such attorneys' fees cannot be claimed as costs of suit. McClelland v. McClelland (Tex. Civ. App.) 37 S. W. 359. But the rule seems to be well established that where the wife brings or defends a suit for divorce in good faith and upon probable cause, reasonable attorneys'. fees incurred by her are properly chargeable against the husband, upon the ground that such fees are necessary for the protection of a right given her by law. McClelland v. McClelland (Tex. Civ. App.) 37 S. W. 350; Ceccato v. Deutschman, 19 Tex. Civ. App. 434, 47 S. W. 759; Bord v. Stubbs, 22 Tex. Civ. App. 242, 54 S. W. 633; Dodd v. Hein, 26 Tex. Civ. App. 164, 62 S. W. 811; Hicks v. Stewart & Templeton, 53 Tex. Civ. App. 401, 118 S. W. 206 (writ refused); Hill v. Hill (Tex. Civ. App.) 125 S. W. 91; Varn v. Varn, 58 Tex. Civ. App. 595, 125 S. W. 639; McLean v. Randall (Tex. Civ. App.) 135 S. W. 1116 (writ refused); Yeager v. Bradley (Tex. Civ. App.) 226 S. W. 1079. The decisions of this state, as do those of other jurisdictions sustaining such liability upon the part of the husband, do so upon the principle that the services rendered by counsel for the wife in bringing or defending a suit for divorce against the husband are as for necessaries furnished the wife. To constitute such services rendered the wife by counsel necessaries, it is essential that they be rendered in the prosecution or defense of a bona fide suit for divorce, based upon good grounds, instituted and conducted in good faith and upon probable cause. If the wife is not, under all the facts and circumstances known to her, reasonably entitled to a divorce, if she be the complaining party, or to defend against her husband's suit for divorce, if she be the defendant, she cannot in good faith either prosecute or defend a suit for a divorce; and to charge her husband with attorney's fees in such case would not be a charge for necessaries furnished her, for the services of counsel so rendered would be entirely unnecessary. The good faith in such matter relates to the wife and not to the attorney who brings or defends the suit for her. Dodd v. Hein, 26 Tex. Civ. App. 164, 62 S. W. 811; Yeager v. Bradley (Tex. Civ. App.) 226 S. W. 1079.

Therefore, in determining whether the court erred in refusing to render judgment against La Coste and in favor of appellants for the amount of their fee for representing Mrs. La Coste in the suit of her husband,

appellee, against her for a divorce, we must determine whether she defended against said suit in good faith and upon probable grounds that she had in law a good defense to said suit. The undisputed facts show that some time in 1912 John La Coste left his wife, Marie La Coste, in New Orleans, La., and went away with her niece and for a time lived in adultery with said niece; that said niece died, and he remained away from his wife; that Marie La Coste sued her said husband for divorce in the district court of Orleans parish, La., and on April 9, 1913, obtained a decree of divorce from his bed and board, and the permanent custody of their minor children and a settlement of their property rights. They continued to live apart, she living in New Orleans, La., and he at Port Arthur, Tex. The divorce decree obtained by Marie La Coste had never been made permanent under the laws of Louisiana, and so on November 19, 1921, John La Coste filed suit in the district court of Jefferson county, Tex., against her for divorce, alleging as the only ground of divorce that more than 10 years before the filing of the suit he had left her and come to Texas, where he had established a home and business, and that for more than 3 years before the filing of the suit he had repeatedly requested her to come and live with him, but that she had failed and refused to do so, and had failed and refused to have anything to do with him, and that same was with the intention to abandon him. In her sworn answer to this petition and allegation she says:

"That she declined to follow or live with the plaintiff for the reason that he fled this city, his former home, and matrimonial domicile, with the niece of this defendant, Lena Anna Sifker, aged about 26 years, and lived in open adultery with her in Mississippi and Texas, in parts unknown to respondent until recent years; he having left her with her children in 1912. That she now has in her possession and control a female child born of that illicit intercourse, whom she is supporting and rearing because the mother, her niece as aforesaid, died in the insane asylum at San Antonio, Tex., in 1920.

"That for the above reasons she has refused to live with her said husband, and that on account of her religious views and her age she is not desirous of seeking a divorce, but only desires that her husband provide for his legitimate and illegitimate children, who are now in her care and custody. * * * "

She thus admits the allegations of her husband that she has failed and refused to "follow or live with" him, and says that because of his prior conduct and on account of her religious views and her age she does not desire a divorce from her husband, but desires only that he provide for his children, which it is admitted he had been doing ever since the separation and no complaint made that the amount furnished was insufficient. It thus appears that because of her religious

views, age, and her feeling of resentment at the prior conduct of her husband, she had been refusing and was still refusing to live with him as his wife, in fact, but she did not wish an absolute divorce from him. By her defense in the suit by him instituted, she evidently wished and intended to hold him for the rest of their natural lives half man and wife, so to speak; married but not living together; tied and yet in a measure loosed; he, for more than three years before the filing of his suit for divorce, repeatedly requesting her to come to his established home and business and live with him, and she as repeatedly refusing to do so. The law makes no provision for any such attitude of married persons, nor does it countenance any such condition. The permanent living apart of husband and wife will not be countenanced by the courts except for grave and weighty causes. Article 4631, Vernon's Sayles' Civil Statutes, authorizes a divorce in favor of either spouse where the one has left the other for a period of three years with the intention of abandonment. Furthermore, it seems to have been generally held that if the offending spouse offers in good faith to return and resume marital relations and the other refuses, then, in that event, the one refusing becomes in law the offending party, which, if persisted in, amounts to abandonment, because but for such refusal the difference would be healed. 9 A. & E. Enc. of Law (2d Ed.) 775; 9 R. C. L. § 161, p. 373; 19 C. J. § 126, p. 67. This rule has pointedly been sustained in Texas. Hannig v. Hannig (Tex. Civ. App.) 24 S. W. 695; Womble v. Womble (Tex. Civ. App.) 152 S. W. 473.

It being undisputed that appellee, more than three years prior to the filing of his suit for divorce, had offered to resume marital relations with his wife, and had repeatedly requested her to come to his home and business that he had established and live with him, and she all the time refusing to do so, or to have anything to do with him, under the law she became and was the abandoning party, and therefore her husband had grounds for divorce. So, under the facts and the law, she could not, in good faith and upon probable grounds for the protection of a right she had in law, employ appellants to resist the divorce suit of her husband and charge their fees to him. Yeager v. Bradley (Tex. Civ. App.) 226 S. W. 1079; Dodd v. Hein, 26 Tex. Civ. App. 164, 62 S. W. 811.

From what we have said, it follows that the judgment of the court below should be affirmed, and it is so ordered.

WALKER, J. (dissenting). From the statement made by my brethren of the facts of this case, it appears: (1) That John and Marie La Coste, husband and wife, separated in 1912, and have continuously lived apart since that date; (2) that the separation was caused by the willful, wicked, and wanton

act of John La Coste in deserting his wife for her niece, and in living in open adultery with the niece for a number of years, during which time an illegitimate child was born to this adulterous union; (3) that after more than three years from the separation, John La Coste requested his wife to remove from Louisiana and to come to him in Texas and there renew the family status with him. This conclusion follows from the statement made because John La Coste relates his offer to a period of three years immediately antedating the filing of his suit in 1921; also, it appears from the allegations of Marie La Coste that the adulterous connection between her husband and her niece continued until "recent years." On these findings of my brethren, without expressing any opinion as to their other conclusions, I enter my dissent from the following proposition announced by them:

"It being undisputed that appellee, more than three years prior to the filing of his suit for divorce, had offered to resume marital relations with his wife, and had repeatedly requested her to come to his home and business that he had established and live with him, and she all the time refusing to do so, or to have anything to do with him, under the law she became and was the abandoning party, and therefore, her husband had grounds for divorce."

My brethren are right in saying:

"Furthermore, it seems to have been generally held that if the offending spouse offers in good faith to return and resume marital relations and the other refuses, then, in that event, the one refusing becomes in law the offending party, which, if persisted in, amounts to abandonment, because but for such refusal the difference would be healed."

And the authorities cited by them fully sustain this proposition. But the proposition announced has no application to the facts found by them, for the following reasons:

(1) In this case the offer of reconciliation was not made until more than three years after John La Coste abandoned his wife under circumstances making him the guilty party, and relieving her of all blame. 19 Corpus Juris, 67, announces the following rule on these facts:

"An offer of reconciliation by a guilty spouse must be made before the expiration of the statutory period in order to deprive the innocent spouse of the right to a divorce."

In support of this proposition, it was said by the Supreme Court of Oregon, in Luper v. Luper, 61 Or. 418, 96 P. 1099, that when the desertion has continued through the statutory period, the deserted one may rely upon his acquired right and refuse to renew cohabitation. See, also, the following additional authorities cited by Corpus Juris, which fully support the rule: Benkert v. Benkert, 32 Cal. 467; McMullin v. McMullin,

7 Cal. Unrep. 93, 71 P. 108; Kenniston v. Kenniston, 6 Cal. App. 657, 92 P. 1037; Stoneburner v. Stoneburner, 11 Idaho, 603, 83 P. 938; Compton v. Compton, 204 Ill. App. 629; Kirby v. Kirby, 157 Ill. App. 564; Tipton v. Tipton, 169 Iowa, 182, 151 N. W. 90, Ann. Cas. 1916C, 360; Gordon v. Gordon, 88 N. J. Eq. 436, 103 A. 31, 33; Elliott v. Elliott, 48 N. J. Eq. 231, 21 A. 381; Luper v. Luper, 61 Or. 418, 96 P. 1099; Neagley v. Neagley, 59 Pa. Super. Ct. 565; Tutwiler v. Tutwiler, 118 Va. 724, 88 S. E. 86; Egbers v. Egbers, 79 Wash. 72, 139 P. 767; Basing v. Basing, 10 Jur. N. S. 806; Cargill v. Cargill, 4 Jur. N. S. 764; Cudlipp v. Cudlipp, 27 L. J. P. & M. 64.

(2) By deserting his wife and living in open adultery with her niece during the years following the desertion, John La Coste had given his wife a cause of action which he could not take from her by an offer to renew the marital relation. The rule seems to be well established that a divorce to which a party is already entitled cannot be barred by the refusal of an offer to return. Kenniston v. Kenniston, 6 Cal. App. 657, 92 P. 1037; Egbers v. Egbers, 79 Wash. 72, 139 P. 767. Of course, no one would dispute the general rule that if both parties are equally guilty, that is, if each has a ground for divorce against the other, a divorce will not be granted. 19 C. J. 93, where the authorities cited are too numerous to give here. So, if it be conceded that Marie La Coste's refusal to join her husband constituted desertion, she could defend against its consequences by pleading the adulterous acts of her husband, which in fact she did.

(3) Again, applying the proposition directly to the facts of this case, and on the assumption that Marie La Coste's refusal to live with her husband constituted abandonment, his adulterous conduct was a bar to his action for divorce on the ground of desertion. 19 C. J. 96; Redington v. Redington, 2 Colo. App. 8, 29 P. 811; Eikenbury v. Eikenbury, 33 Ind. App. 69, 70 N. E. 837; Whippen v. Whippen, 147 Mass. 294, 17 N. E. 644; Reid v. Reid, 21 N. J. Eq. 331; Earle v. Earle, 43 Or. 293, 72 P. 976; Mathewson v. Mathewson, 18 R. I. 456, 28 A. 801, 49 Am. St. Rep. 782.

Quoting Alexander v. Alexander, 140 Ind. 555, 38 N. E. 855, the Appellate Court of Indiana said in Eikenbury v. Burns, 33 Ind. App. 69, 70 N. E. 837:

"'Where each of the married parties has committed a matrimonial offense, which is a cause for divorce, so that, when one asks for this remedy, the other is equally entitled to the same, whether the offenses are the same or not, the court can grant the prayer of neither.'"

The authorities cited fully sustain this proposition, whether the adultery was committed after the beginning of the period of desertion or prior thereto. It is said in the

note to Mathewson v. Mathewson, 49 Am. St. Rep. 782:

"Divorce is a remedy provided for an innocent party. Burke v. Burke, 44 Kan. 307; 21 Am. St. Rep. 283. And if the complaining party has violated the marriage contract to the extent that the violation would constitute a good cause for a divorce, a divorce will be denied."

The proposition announced by my brethren and supported generally by the authorities cited by them has relation to those cases where the party guilty of desertion has not given the other party an independent ground for divorce, but repenting of his desertion, and desiring to renew the marital relation, offers a reconciliation. In the face of such an offer, the other party must accept or become the offending party, when the offer is made in good faith.

But I have found no authority compelling an injured wife to abandon an independent ground for divorce and to condone an act as heinous as the one committed by John La Coste in this case, on the penalty of being declared the guilty party and thereby giving the offending husband a ground for divorce against her.

### On Motion for Rehearing.

HIGHTOWER, C. J. On the 15th day of December, 1924, a majority of this court, in an opinion rendered by Judge O'QUINN, in which I concurred, held that the trial court's judgment in this cause was correct and should be affirmed. In that opinion we held that, as a matter of law upon the undisputed facts as shown by the record in this suit, Mrs. La Coste, in the divorce suit, did not defend in good faith and upon probable grounds, and for that reason alone we affirmed the judgment.

After much reconsideration of the question since that opinion was written, I have reached the conclusion that our former opinion was erroneous in so far as we held that, as a matter of law, Mrs. La Coste could not have acted in good faith and upon probable grounds in making her defense to the divorce suit, and that therefore appellants, her attorneys in that suit, could not recover in this suit, because bound by her want of good faith and lack of probable grounds.

[3] It is now my opinion that the judgment in the divorce suit necessarily involved a finding by the trial court in that suit that Mrs. La Coste's defense in that suit was made in good faith and upon probable grounds, and that judgment was in evidence by an agreement of the parties in this suit.

It is my opinion that, in order for the appellants in this suit to recover, it was only necessary that it be shown that Mrs. La Coste's defense in the divorce suit was made in good faith and upon probable grounds. I think that the judgment in the divorce suit was ample and conclusive evidence as against the appellee in this suit that his wife's defense in the divorce suit was made in good faith and upon probable grounds.

The trial court in this suit having found that $150 would be a reasonable attorneys' fee for appellants, I think that our former opinion affirming the judgment should be set aside and the judgment of the trial court reversed, and that judgment should be here rendered in favor of appellants against appellee for $150, with interest thereon at the legal rate from the date of the judgment in the divorce suit and until paid.

WALKER, J. I concur in the conclusion reached by Mr. Chief Justice HIGHTOWER.

O'QUINN, J. I cannot agree with my brethren that the motion for rehearing should be granted. Under the settled law of this state, our opinion at a former day of this term, affirming the judgment herein, was correct unless the judgment in the divorce case between La Coste and Mrs. La Coste is res adjudicata as to the good faith of Mrs. La Coste in making her defense to said suit, and that she had probable grounds for so doing. For this judgment to be res adjudicata the following must appear:

(1) Identity in the thing sued for.

(2) Identity of the cause of action.

(3) Identity of the persons and of the parties to the action.

(4) Identity of the quality in the persons for or against whom the claim is made. Philipowski v. Spencer, 63 Tex. 607.

In the former suit (La Coste v. Mrs. La Coste, for divorce), the only question was whether plaintiff, John La Coste, was entitled to a divorce. The question of attorneys' fees was not in the case either by pleading or proof. In that suit John La Coste was plaintiff and Mrs. La Coste was defendant. Neither of plaintiffs herein was in any sense a party to that suit. Mrs. La Coste is not a party to this suit. In the suit at bar plaintiffs, who were lawyers for Mrs. La Coste in the divorce suit, are suing in their own right for attorneys' fees. It is too plain for discussion that the parties are not the same. The cause of action is not the same. The parties are not suing in the same right or quality. Under all the decisions, as I understand them, res adjudicata does not exist.

Moreover, for a judgment to be res adjudicata it must be pleaded. The judgment in the divorce suit was not pleaded as res adjudicata by appellants against John La Coste in this suit, and hence appellants cannot avail themselves of that bar to La Coste's defense herein of lack of good faith and probable cause on the part of Mrs. La Coste in the divorce suit, as a matter of law. Philipowski v. Spencer, 63 Tex. 604; City of Houston v. Walsh, 27 Tex. Civ. App. 121, 66

S. W. 109 (writ of error denied). In City of Houston v. Walsh, Judge Pleasants says:

"We are further of opinion that appellant, not having pleaded that the matter in controversy in this suit was res adjudicata, could not have availed itself of such defense, *even if same had been shown by the evidence.*" (Italics ours.)

The granting of the motion for rehearing, and reversing and rendering judgment for appellants, is manifestly wrong. The motion should be overruled.