## NEBLETT & NORMAN v. GOUKAS et ux.

### No. 7607.

Court of Civil Appeals of Texas. Austin.

June 3, 1931.

Neblett & Norman, of Houston, for appellants.

John C. Townes, Jr., and L. W. Cutrer, both of Houston, for appellees.

BAUGH, J.

Suit by appellants against appellees for attorneys' fees claimed by them for their services in a suit for divorce, alimony pendente lite, partition of community property, etc., in favor of Marie Goukas against Antone Goukas. After said suit was filed, a reconciliation was effected between the parties, and the wife, as plaintiff, declined to prosecute said suit further and to pay appellants any fee. The defense to this suit was that Marie Goukas, at the time she employed appellants, did not have sufficient grounds for a divorce; and that such services of appellants were wholly unnecessary. The trial was to the court without a jury and judgment rendered for appellees.

The principle on which a husband may be held liable for attorneys' fees for services rendered his wife in a divorce suit is that such services are for necessaries furnished the wife. Before they can be so deemed, and the husband or the community chargeable therefor, it is now well settled in this state that such services must be rendered "in the prosecution or defense of a bona fide suit for divorce, based upon good grounds, instituted and conducted in good faith and upon probable cause." Howard v. La Coste (Tex. Civ. App.) 270 S. W. 181, 183, and numerous cases there cited; Kelly v. Gross (Tex. Civ. App.) 4 S.W.(2d) 296; Ashworth v. Edwards (Tex. Civ. App.) 5 S. W.(2d) 776. And where reconciliation, favored by the law, has been effected, and the wife declines to appear and prosecute such suit, the burden rests upon the attorneys who claim such fees to show not only that they acted in good faith but that their client also acted in good faith and upon probable cause. Dodd v. Hein, 26 Tex. Civ. App. 164, 62 S. W. 811; Yeager v. Bradley (Tex. Civ. App.) 226 S. W. 1079.

The petition in the divorce suit set out ample grounds for a divorce in favor of the wife and was sworn to by her. It was also offered in evidence in this suit, and appellants testified that Marie Goukas had given them as facts the allegations therein made, and had stated to them that they were true. This evidence was properly confined, however, by the trial court to the question of the good faith of the attorneys. Ashworth v. Edwards, supra. The verified petition in another suit would be in the nature of an ex parte affidavit and not competent evidence of the facts therein stated; especially is this true where competent evidence otherwise as to such matters was available. The same is true as to the statements made by Marie Goukas to appellants. On the trial hereof the husband testified as a witness, denied and contradicted all of the acts of cruelty alleged in the divorce petition, and there was on this trial no competent evidence, excluding said petition and her statements to her attorneys, that the wife had probable cause for divorce. If she did not have such grounds, she did not, of course, act in good faith, and the services of her attorneys were not for necessaries. The trial court found, under the proof offered, that she did not have probable grounds, and we are bound by that finding.

Marie Goukas was not summoned as a witness. More than a year passed after the filing of this suit before it was tried. No effort appears to have been made by appellants to secure her testimony by deposition or otherwise. It was within the power of appellants to do so. Articles 3711, 3752, 3769, R. S. 1925. Not having done so and not having produced other competent evidence to show good faith and probable grounds on the part of Marie Goukas, they did not meet the burden resting upon them.

Nor do we sustain appellants' contention that the defendant Antone Goukas having failed to produce Marie Goukas, his codefendant, as a witness, such evidence as she could have given should operate presumptively against him. As stated by Judge Pleasants in Texas Co. v. Charles Clarke & Co. (Tex. Civ. App.) 182 S. W. 351, 353: "When a plaintiff has produced evidence sufficient to raise an issue as to the truth of his claim, and it appears from the nature of the case and the circumstances disclosed by the evidence that defendant is in pos-

session of evidence which will show whether or not the inferences which can legitimately be drawn from plaintiff's evidence are true, and does not offer it, it is a fair and legitimate inference that the evidence so withheld by the defendant would, if produced, confirm the inferences arising from plaintiff's evidence." But clearly such inference or presumption cannot be relied upon alone to establish an essential element of appellants' proof. And even if it could, it was by no means conclusive; and such inferences or presumptions as to her good faith and probable grounds of divorce as might have been indulged under appellants' contention, were directly contradicted and repelled by the positive testimony of Antone Goukas. Presumption as to the existence of facts can always be dispelled by positive testimony, unless such presumption be as a matter of law conclusive. Buro v. Home Benefit Ass'n (Tex. Civ. App.) 28 S.W.(2d) 902, 905, and cases there cited. On the question of probable grounds, essential to render such services necessaries for which the husband could be held liable, the court found against appellants and there was sufficient evidence to sustain that finding.

The judgment of the trial court is therefore affirmed.

Affirmed.