## RATH v. RATH.

### No. 12067.

Court of Civil Appeals of Texas. Galveston.

Feb. 24, 1949.

Rehearing Denied March 10, 1949.

Duckett & Duckett, of El Campo, for appellant.

C. D. Duncan and W. D. Bryan, both of Belleville, for appellee.

GRAVES, Justice.

This was a divorce suit, upon the part, in turn, of both the wife and the husband; the wife, Madie M. Rath, having first filed it for a divorce, the settlement of claimed community property rights in herself, and for her attorney's fees in bringing it, against her husband, Charles Rath; he resisted her suit on all her counts, and then filed a cross-action against her for divorce in his own behalf, together with an adjudication to the effect that she had already received all property rightfully belonging to her, and that whatever remained between them be declared to constitute his separate estate.

Upon each side, respectively, the divorce had been sought upon the alleged grounds of cruel treatment by the one against the other.

The trial was heard before the court without a jury, and resulted in a judgment denying the wife, appellant here, a divorce upon the cause of action therefor so asserted by her, and finding, in connection therewith, that her suit had not been brought in good faith and upon probable cause, also denying her the attorney's fees sought by her, and her claims to any property interest except the sum of $250.00.

On the other hand, the husband, Charles Rath, the appellee here, was granted a divorce against appellant on his cross-action, together with a determination that the property claimed by appellant to be community homestead between them was the separate property of the appellee, subject, however, to a $250.00 equity therein in favor of the appellant.

From that decree the appellant presents this appeal, upon three points of error, to this effect:

1. The court erred, as a matter of law, in decreeing that the property involved, termed in the record the "Bregenzer Estate property", was the separate property and estate of the appellee, Charles Rath, when "the facts and evidence are undisputed that the down-payment on said property was made with community funds", thereby constituting it the joint property of the two;

2. The court erred in denying to the appellant her demand for attorney's fees;

3. The court erred in granting a divorce to the appellee on the basis of the cruel treatment grounds set out in his cross-action.

This Court, on consideration of the briefs, and oral argument by one of the parties only upon the submission of the cause, is constrained to sustain the judgment as rendered, in the state of the record presented on the appeal.

The trial court filed its extended findings of fact and conclusions of law in support of the judgment it so rendered, and, since no statement of facts has been brought up, and since further, as appellant's brief recites, the appeal is here "without record being transcribed", no proper attack has been made in this Court upon any of the trial court's findings. In such a situation, it is deemed preferable to first determine appellant's protests against the denial of a divorce to herself, and the granting of one to the appellee upon his cross-action therefor, along also with the denying of her claim against him for attorney's fees.

Among many others, the court made these findings upon these separate matters, to-wit:

"(1) That the plaintiff, Madie M. Rath, did not file this suit in good faith, nor upon probable cause, and that she is not entitled to have a judgment of divorce rendered in her favor, nor for the attorneys fees, which were claimed by her."

"(2) The testimony upon the trial of the above entitled and numbered cause, introduced by the said Charles Rath, demonstrated satisfactorily and convincingly to this Court that the further living together between the said Madie M. Rath and Charles Rath, was insupportable, and that the defendant Charles Rath was entitled to a judgment dissolving the bonds of matrimony by and between the said Charles Rath and the said Madie M. Rath."

It is held that these two findings —both separately made by the court as though severally of fact as well as of law —standing in this Court undisputed upon the facts, justified not only the refusal of the divorce to the appellant, but also of her claim for attorney's fees, and the granting instead of a divorce to the appellee upon his cross-action.

Appellant is mistaken in her stated presentment that the grounds set out in the appellee's cross-action did not entitle him to a divorce, in that they were not, as she contends, based upon a single act of alleged violence upon the part of the appellant toward the appellee, but rather, upon a full declaration of such a course of cruel treatment as constituted ample justification for, if true, and the awarding of the divorce upon the basis thereof. Its finding Number III, in part, was this: "the Court doth

find as a fact, that the said Charles Rath is seventy-nine (79) years of age,—that he is aged and infirm, and that Madie M. Rath, is sixty-one (61) years of age and in good health, and that the cross defendant, Madie M. Rath, on repeated occasions was guilty of gross excesses, outrages, and cruel treatment to the said Charles Rath, that she endeavored to the best of her ability to inflict serious bodily injury upon the said Charles Rath with an iron-rod, and in addition thereto, the said Madie M. Rath threw dishes at the said Charles Rath, endeavoring to inflict upon him, serious bodily injury, and that this conduct upon the part of the said Madie M. Rath was not provoked by the actions and conduct of the said Charles Rath."

Since the court sets the terms of such alleged treatment out at length, both in its judgment and in its findings of fact and law in support thereof, it is deemed unnecessary to further detail them here.

Especially is this true, in view of the fact that our Supreme Court, in the recent case of Howell v. Howell, reported in 210 S.W.2d 978, in answering a certified-question from this Court in the same cause, in applicable and unmistakable effect held that the trial court's above-quoted finding, under Paragraph 2, constituted the only ultimate issue of fact in a divorce suit, and that such a finding alone entitled the appellee here to the divorce so awarded him.

As affects the refusal of the attorney's fees appellant claimed, in view of the court's likewise binding finding, as recited in Paragraph 1, supra, that her suit for divorce had not been brought either in good faith, or upon probable cause, it also must be permitted to stand.

Appellant cites only the case of Russell v. Russell, 79 S.W.2d 639, by the Fort Worth Court of Civil Appeals, in support of her claim. That case, however, was clearly distinguishable on its facts from this one, in that—in that instance—the husband sued the wife for a divorce, and, while she resisted it, the divorce was granted to the husband, hence she was entitled as a matter of right to attorney's fees, to be paid out of the community estate; whereas here, as so found by the court, there was no community estate for such fee to come out of, and this wife had not brought her suit in good faith and upon probable cause for a divorce, having further only sought an attorney's fee as incident to it, and not as referable to the counterclaim of her husband.

So that, the bona fide basis otherwise required for the allowance of attorney's fees did not exist. Howard v. LaCost, Tex.Civ.App., 270 S.W. 181, writ of error dism. for want of jurisdiction, and authorities therein cited.

Recurring to appellant's first point, under which she sets out "since the facts and evidence are undisputed that the down-payment on said property was made with community funds," she omits entirely the trial court's additional findings upon that feature.

They were to this boiled down purport and effect: At the time the two were married, they went to live in the appellee's homestead, which was his separate property, but thereafter agreed between themselves—at appellant's instance—that he would acquire the Bregenzer estate place as a like homestead, with the distinct understanding between them that it too should become the like separate property of the appellee, who would thereafter sell his then occupied homestead, with the proceeds of which he would pay for the Bregenzer property to in the same manner take its place.

This agreement between them antedated the purchase of the latter property, but it was some months before the sale of his first property was consummated, and meanwhile—as the trial court found in its finding of fact the appellant relies upon—the down payment of $1800.00 on the Bregenzer property was temporarily paid for out of community-funds of the appellant and the appellee. Such purchase was made May 31, 1944, and in July, 1944, the appellee effected the sale of his first homestead, and between that date and October of 1944, he reimbursed the community estate of himself and appellant for $1850.00, or $50.00 in excess of the advancement the community had so made on the down-pay-

ment for the new place; moreover, the parties had not changed their residence from the first separate estate homestead of the appellee until such reimbursement had already been made to their community estate, whereupon, in October thereafter, 1944, they moved into the Bregenzer property, as contemplated and so originally agreed.

In other words, the appellee, with his separate funds from the sale of his first homestead, pursuant to such agreement between himself and his wife in advance that he would so do, had actually repaid to the community the total purchase consideration for the Bregenzer estate out of his separate property. And the trial court, in its extended findings, repeats over and over its findings that such a positive agreement by and between the husband and wife, as indicated, was not only so made in advance of any change in their residence, or of their entering upon the undertaking to acquire the second one, that if and when it was acquired it would be paid for with the proceeds of the sale of appellee's first homestead; further, that such arrangement had been carried out and accomplished in all respects as had been so agreed upon in advance.

Wherefore, the court added its finding of law, as following upon such a state of facts, that, although the first payment on the second homestead had been so temporarily made out of the community funds, the consequent acquiring of the second homestead made it likewise the separate property of the appellee.

In these undisputed circumstances, this Court is unable to hold that the conclusion of law thus stated was erroneous. It might be conceded, in the absence of such a positive agreement or trust provision, as it might rightly be called, that the Bregenzer estate homestead was to be paid for with the proceeds of the sale of his separate homestead; that the property would have become the community of the two; but where, as in this instance, there is a positive agreement by and between the husband and the wife as to the nature, character, and result of the transaction, and the husband so sells his separate estate homestead on the distinct agreement between them, that the funds from the sale thereof are to wholly pay for the new homestead, the stated pronouncement is thought to be supported by our Texas authorities; that is, this agreement was one that the husband and wife had the right and authority to make, under the law, hence it should be held to have been binding upon them both.

These holdings are cited as supporting that conclusion: Sparks v. Taylor, 99 Tex. 411, 90 S.W. 485; 6 L.R.A.,N.S., 381; Potter v. Mobley, Tex.Civ.App., 194 S.W. 205.

These conclusions require an affirmance of the trial court's judgment. It will be so ordered.

Affirmed.