MATHEW R. PARISH AND ANOTHER V. ARCHIBALD WEATH-
ERFORD.

The 5th Section of the Act of February 10th, 1852, which requires surveys to
be returned within twelve months, does not apply to surveys of pre-emption
claims.

A pre-emption claimant has three years from the date of his settlement, within
which to apply a certificate to his survey ; and if the survey be made in
time to secure the claim, it will be sufficient if it be returned within the
three years.

Where a Deputy Surveyor by whom a pre-emption claim had been surveyed,
certified the survey after he had ceased to be Deputy Surveyor, the Court
said the material fact was, not when the field notes were certified ;by the De-
puty Surveyor, but that the survey was made by him when he had compe-
tent authority to make it; which fact was not denied ; and it was held that
the field notes should have been received and recorded by the District Sur-
veyor.

Appeal from Collin. Tried below before the Hon. William
S. Todd.

Suit by appellee for mandamus to the District Surveyor,
Mathew R. Parish, to receive and record the field notes of
plaintiff's pre-emption claim, or in the alternative, to survey
said claim for plaintiff, upon his claim of pre-emption. It
appeared that the plaintiff settled upon the land in August,
1853 ; that on the 21st of December, thereafter, he took the
oath required by law of pre-emption claimants, before George
White, Deputy Surveyor of Collin county ; and on the same
day White surveyed and marked the lines of plaintiff's claim,
but did not certify the field notes until January 10th, 1855, at
which time he had ceased to be a Deputy Surveyor. In the
same month of January, 1855, the plaintiff tendered to de-
fendant Parish, District Surveyor, a certificate to be applied
to said claim, and Parish refused to receive it, or to re-survey

the land upon plaintiff's claim.  In the meantime plaintiff had given a bond to convey fifty-two acres of the land, which bond was transferred to Joseph Thompson, who had taken possession and made improvements, and hearing that plaintiff's claim had become extinct by reason of his failure to have the survey returned to the Surveyor's offie, had caused said fifty-two acres to be surveyed upon a pre-emption claim of his own. Thompson was made a defendant.  These were all the facts. Defendant Parish based his refusal to receive the field notes certified by White, upon the ground that said White had ceased to be a Deputy Surveyor before they were certified by him, and that they were returned more than one year after the date of their survey ; and he based his refusal to receive the land certificate tendered by plaintiff, upon the ground that the land was then already appropriated by Thompson.

The entry of judgment showed that a jury was called ; that the plaintiff gave in evidence without objection, his oath of claim to pre-emption ; that the Court excluded the field notes on the ground already stated, to which plaintiffs excepted ; that plaintiff then contended for a mandamus to the Surveyor now to survey said land upon said plaintiff's oath of claim and occupancy ; that defendants objected that more than eight months had expired since plaintiff's settlement ; but the Court overruled the objection ; to which defendant excepted ; " and a jury being waived," it was decreed that a mandamus issue to the Surveyor to survey plaintiff's claim, &c.

*A. Berry*, for appellants, cited 1st, 5th and 8th Sections of the Act of February 10th, 1852, concerning surveys of land ; Hart. Dig. Art. 2135 ; Cullum v. Latimer, 4 Tex. R. 329 ; Arberry v. Beavers, 6 Id. 457 ; League v. De Young, 2 Id. 497 ; Horton v. Pace, 9 Id. 81.

WHEELER, J.  The defendants do not deny that the plaintiff had his land surveyed by the Deputy Surveyor within the

time prescribed by law. But they rely on his failure to return the field notes to the office ˜of the District Surveyor within twelve months from the date of the survey, as operating to annul the survey and defeat his rights. And the Court excluded the field notes for this and the further reason that they were signed by the Deputy Surveyor after the expiration of the term of his appointment. There is and can be no question, that the survey was made in time; the only question is whether it was incumbent on the plaintiff to have it returned within twelve months, under the provision of the 5th Section of the Act of the 10th of February, 1852. In general the certificate is the authority to the Surveyor for making a survey, and the survey is the only evidence upon the ground, of the appropriation of the land. When the survey has been returned, the holder of the certificate may apply for and obtain his patent. But in the case of a pre-emption claim, the settlement and claim are the authority to make the survey; and the law allows the claimant three years to obtain and apply a certificate to his survey. (Hart. Dig. Art. 2131, 2135.) The return of the survey can avail nothing to the claimant, until he has applied to it a certificate; and as he is not required by law to have a certificate applied until more than twelve months after the making of his survey, it would seem that the Act of 1852 could not have been intended to embrace his case; that, as to the pre-emption claimants, all that is required is, that the field notes be returned so as to make the application of the certificate to them within the time prescribed; that is, three years from the commencement of the settlement. Such is understood to be the construction placed upon the law in practice in the Land Office, and we think it is the proper construction. The principal object of the requirement of the Act of 1852, respecting the return of field notes, is, that it may be known what land has been appropriated, and what is vacant and subject to location. In the ordinary cases, of surveys upon certificates, the survey is the evidence to direct subsequent locators how

to make their selections, so as not to conflict with others. But in the case of pre-emption rights, the claimant resides upon the land, and that is sufficient to put the locator upon inquiry, from which he may readily ascertain the nature and extent of the claim. Residence upon land is notice to a locator, sufficient for his protection, with ordinary diligence, though the field notes have not been returned to the office of the District Surveyor. In the present case the plaintiff charges actual notice and it is not denied.

We are therefore of opinion that the case does not come within the meaning of the Act of 1852 ; that the field notes were returned in time ; and that it was not a ground to reject them that the Deputy Surveyor did not sign and make return of them until his term of office had expired. The rights of parties cannot be defeated by the neglect of the officer in such matters as the return to his principal of the work he had done, when the rights of third persons are not thereby affected. The The material fact is, not, when he signed or returned to the office the field notes, but that he made the survey when he had competent authority to do so ; and that is not denied.

It was the duty of the Surveyor to receive and record the field notes when they were returned ; and upon the case made by the petition and answer, the Court ought to have awarded a mandamus to compel the performance of that duty. There was no issue for a jury to try, and the submission of the case to a jury was unnecessary. If the field notes had been rightly excluded, it was error to direct an original survey ; it would have been too late, if no legal survey had been previously made. (Hart. Dig. 2135.) But there was error in excluding the field notes. They were competent evidence of a legal and valid survey, and the Court should have awarded a mandamus to compel the Surveyor to receive and record them. The judgment will therefore be reversed, and such judgment be here rendered as the Court below ought to have rendered.

Reversed and reformed.