## McNEILL v. McNEILL.
### No. 2562.

Court of Civil Appeals of Texas. Eastland.
Dec. 6, 1946.

Thomas & Thomas, of Big Spring, for appellant.

Jno. B. Littler, of Big Spring, for appellee.

GRISSOM, Chief Justice.

Georgia Faye McNeill appeals from a judgment granting her husband a divorce. She contends the judgment should be reversed for three reasons: first, because the evidence fails to show jurisdiction of the court in that appellee did not prove that he had resided in Howard County for six months before the filing of his petition, second, because appellant was not notified and was therefore not present at the trial of the case, third, because the evidence is insufficient to show any statutory ground for divorce.

■ Art. 4631 provided that a citizen of Texas who had been absent from the state for more than six months in the military service of the United States shall be entitled to sue for divorce in the county in which he had his residence before entering such service. The evidence shows that appellee had long been a resident of Howard County, Texas, before entering the military service; that he spent several years in the United States Army; that he returned from Europe and went as soon as possible back to his home in Howard County where his wife and child were, and apparently resided in said county until he re-enlisted in the United States Army. We think the evidence is sufficient to show jurisdiction of the court.

■ The record is insufficient to show reversible error in connection with appellant's failure to be present on the trial of the case. Appellant's counsel was present at the trial of the case and participated therein. There is no motion for continuance or postponement, no statement of facts on the motion for new trial nor bill of exception showing error on this point. Wade v. Wade, Tex.Civ.App., 180 S.W. 643. Said point is overruled.

■ In our opinion the evidence is not sufficient to show that appellant was guilty of excesses, cruel treatment, or outrages toward appellee of such a nature as to render their living together insupportable, as required by Section 1 of Art. 4629. This is the sole subdivision of said article in question. Stated tersely, the testimony upon which the divorce was granted consisted of evidence to the effect that during the war, while appellee was in the United States Army in Europe, appellant wrote him some "scorching" letters; that she called him a heel; that she frequently complained about the amount of money that he spent, about the fact that he retained out of his officer's pay about $40 per month for his own use; that she expressed the opinion that they would not be able "to make a go of it"; that upon his return home she complained about the amount of money he spent while on leave and again expressed the opinion that they would not be able "to make a go of it". On examination by the court, appellee disclosed the fact that the apparent reason for her complaint about money matters and the reason she once called him a heel was that while in the Army he lost over $400 gambling. This is the substance of the pertinent testimony. We conclude it is insufficient to support the judgment. 15 Tex.Jur. 547, 549; Erwin v. Erwin, Tex.Civ.App., 231 S.W. 834; Hickman v. Hickman, Tex.Civ.App., 20 S. W.2d 1073; Burns v. Burns, Tex.Civ.App., 76 S.W.2d 821; Yosko v. Yosko, Tex.Civ. App., 97 S.W.2d 1023; Tanton v. Tanton, Tex.Civ.App., 209 S.W. 429; Parker v. Parker, Tex.Civ.App., 165 S.W.2d 926; Callender v. Callender, Tex.Civ.App., 167 S.W.2d 800.

There is additional testimony from appellee's mother with reference to statements by appellant relative to appellee. After a painstaking study of the record, we have concluded that the eminent trial court erroneously concluded that the evidence showed such statements were communicated to appellee. Perhaps the testimony might have been stronger and in greater detail had appellant been present in person to contest the divorce.

The judgment is reversed and the cause remanded.