LONG et ux. v. LEWIS.
No. 5843.

Court of Civil Appeals of Texas. Amarillo.
March 8, 1948.

Rehearing Denied April 12, 1948.

W. F. Bane, of Dallas, for appellants.

Willis & Lewis and Robert D. Boren, all of Dallas, for appellee.

STOKES, Justice.

Appellee, Thomas T. Lewis, an attorney at law in Dallas, instituted this action against the appellants, Frank O. Long and his wife, Vena Long, to recover an attorney's fee alleged to be due and owing to him by the appellants as compensation for his services in representing Mrs. Long in a suit for divorce filed for her by appellee against her husband in a district court of Dallas County on September 11, 1945. The divorce suit never came to trial but was dismissed at the request of Mrs. Long, in person, on January 8, 1946. Appellants filed only a general denial and the case was submitted to a jury upon special issues in answer to which the jury found that both Mrs. Long and appellee acted in good faith in filing the divorce suit; that the allegations of her petition in the divorce suit were probably true; that the conduct of her husband, Frank O. Long, constituted such cruelty as rendered her further living with him insupportable; and that a reasonable attorney's fee for the services rendered by appellee to Mrs. Long in the divorce suit was $1,500. The trial court entered judgment in favor of appellee for the amount found by the jury as being a reasonable fee, to which appellants duly excepted and perfected an appeal to the Court of Civil Appeals of the Fifth District at Dallas. The case is before us for review upon a transfer ordered by the Supreme Court equalizing the dockets of the Courts of Civil Appeal.

Appellants contend the judgment is erroneous and should be reversed because the evidence fails to reveal that Mrs. Long had legal grounds for a divorce or that the divorce case was filed in good faith on the part of either Mrs. Long or appellee. The petition filed by appellee on behalf of Mrs. Long in the divorce case was not introduced in evidence but a copy of it was attached as an exhibit to appellee's petition in the instant case and the record indicates it was considered throughout the trial as though it had been introduced. The divorce suit was filed upon the theory of cruel treatment under Sec. (1) of Article 4629, Revised Civil Statutes 1925, Vernon's

Ann.Civ.St. art. 4629(1), which provides that a divorce may be decreed where either party is guilty of excesses, cruel treatment or outrages toward the other, if the ill treatment is of such a nature as to render their living together insupportable. The allegations of cruelty and ill treatment alleged in the petition were general and charged, simply, that the parties were married and had lived together until the 5th of September, 1945, when, on account of the matters and things complained of, Mrs. Long was compelled to, and did, separate herself from her husband. The things complained of were that long prior to the separation the defendant began toward plaintiff a series of cruel treatments that became such as to render their further living together as husband and wife unbearable and insupportable and that, as a consequence thereof, plaintiff was compelled to, and did, separate herself from the defendant since which time they had not lived together as husband and wife.

Appellee testified that when Mrs. Long first consulted him about instituting the suit for divorce, she told him that she and her husband had never gotten along with each other as husband and wife and related an incident that happened about four years prior to that date, the details of which were that her husband was making good money and was providing her with an allowance of only $150 per month, out of which she had to discharge the utility bills, laundry bills, expense of keeping the yard in order, buying clothes and maintaining their two children. She told appellee that she, at that time, consulted another lawyer in Dallas concerning a divorce and that he communicated with her husband which resulted in an increase of her allowance to $250 a month. He said Mrs. Long further told him that, during the entire time she and Mr. Long had been married, they had absolutely no common friends and that her friends were not friends of her husband; that Mr. Long was high-tempered; that he was given to flying into rages at any little thing that came up; that he made "ungovernable remarks over nothing;" that he had frequently told her he had no love for her, and that she further stated that Mr. Long had no feelings or care for his wife or his children. He said she told him that Mr. Long's only love was for money and that during the time they had been married, they had no social life, attended no shows, and had no dinners out. She further told him that, upon one occasion, she suggested they go out for dinner at night and that her husband said he was not going to furnish his wife a household allowance and then pay for dinners outside. He said she further told him that, when Mr. Long came in at night or when he was at home, he remained to himself and in another room away from her; that they had no home life or companionship and there was very little conversation between the members of the family in their home.

Mrs. Long was called as a witness by the appellee. She testified that, when she first discussed the divorce suit with appellee, she told him she desired a divorce because she and her husband could not agree, principally about money. She said she asked appellee if she had grounds for divorce, and that he said it was not necessary to go into that matter at that time. She further testified that, during the alleged estrangement, and while the divorce suit was pending, she and her husband and children remained in their home together, took their meals together and spent their evenings together. She said that, during the years immediately preceding the filing of the suit, the family made a number of trips on summer vacations to New Mexico and other places and that, with one exception, her husband went with them and drove the automobile. None of her testimony made as strong a case for divorce as the statements appellee said she made to him concerning their marital relations, and neither the testimony of appellee nor that of Mrs. Long was denied or contraverted in any manner except in so far as they differed with each other as to the details of their first conversation.

■ The law is well settled in this state that fees and compensation for services rendered to the wife by an attorney in a divorce suit may be recovered by the attorney from the husband in cases in which the wife has reasonable grounds for instituting the

suit, or for her defense in a suit by him, where the suit or the defense is instituted or urged in good faith by her. Yeager v. Bradley, Tex.Civ.App., 226 S.W. 1079; Ashworth v. Edwards, Tex.Civ.App., 5 S.W. 2d 776; Neblett et al. v. Goukas, Tex.Civ. App., 40 S.W.2d 1113; Walker v. Walker, Tex.Civ.App., 201 S.W.2d 61; and the many cases cited therein, particularly the case of Ashworth v. Edwards.

The theory upon which such fees are recoverable is that the services of an attorney in such cases constitutes "necessaries" and they fall within the category of groceries and other items classed as necessities for the sustenance and support of the wife and children. If, however, the wife does not have sufficient grounds for a divorce or, if the suit is not brought in good faith on the part of either the wife or the attorney who represents her, neither the husband nor the community estate is liable for the attorney's fee. Hill v. Hill, Tex. Civ.App., 125 S.W. 91. In Yeager v. Bradley, supra, it was said that "if the wife has no sufficient grounds for a divorce, and especially if she has no good reason to believe she has such grounds, it cannot be said that an attorney to file a divorce suit for her is a necessity." See also McClelland v. McClelland, Tex.Civ.App., 37 S.W. 350. It has also been held a number of times by our courts that where reconciliation has been effected and the wife declines to prosecute the suit for divorce, or dismisses it upon her own volition, the burden rests upon the attorney who claims such a fee to show not only that he acted in good faith but that his client acted likewise and that she had probable cause for instituting the suit. Dodd v. Hein, 26 Tex.Civ.App., 164, 62 S.W. 811; Yeager v. Bradley and Neblett et al. v. Goukas, supra. On the other hand it is the universal holding of the courts of this state that a married woman cannot bind herself, her husband or the community estate for an obligation that is not created for necessaries and whether or not an attorney's fee for filing a divorce suit is a necessity depends upon whether or not the wife has good grounds for a divorce. If she has such grounds, the suit can be said to have been filed in good faith; but if she does not have such grounds, then her suit could not have been instituted in good faith. In this case the jury found the suit was instituted in good faith but it was not furnished with a definition of that term and it is doubtful just what the jury meant by the finding. Ordinarily the term "good faith" means an honest intention or purpose as contrasted with collusion or fraud. Mrs. Long testified, without contradiction, that she did not know at the time whether she had good grounds for a divorce or not and that she asked appellee to tell her whether or not she had sufficient grounds therefor. She said he told her that it was not necessary to go into that matter at that time; that the question of good grounds would come up later. The uncontradicted testimony further showed that, immediately before she talked with the appellee, she consulted another attorney and he told her she did not have grounds for a divorce, but that appellee might be able to help her. She then consulted with appellee and, although she asked him about her grounds, he evaded the question and failed to inform her of any grounds upon which she would be entitled to one. In view of this, it is difficult to see how Mrs. Long could have believed she had good grounds; but, whatever she might have believed about it, it is clear that, according to the testimony of both Mrs. Long and the appellee, she did not have such grounds. Mrs. Long's testimony is in many respects different from what appellee testified she told him when she was negotiating with him, but conceding as true all he said she told him in the conversation, and all of her testimony, no sufficient grounds for a divorce were revealed. Certainly the incident that happened four years prior to the conversation had nothing to do with their relationship at the time she employed appellee. It had reference only to the amount of the monthly allowance which was being furnished to Mrs. Long at that time by her husband and it was adjusted in a manner that was apparently satisfactory to both of them. Appellee said she told him that she and Mr. Long had absolutely no common friends and that her friends were not friends of Mr. Long. In her testimony she said they had many common friends. She further told him that her hus-

band was high-tempered and given to flying into rages on slight provocation and that he made "ungovernable remarks" over nothing; that his only love was for money; that he would not take her out for dinner at night because of the extra expense; and that he remained away from her and in another room when he was at home. Mrs. Long's testimony was entirely different but even if her statements to the appellee were all true, none of them revealed acts or conduct of her husband which constituted cruel treatment or outrages of such a nature as to render their living together insupportable. The most that can be said of the testimony is that unhappy conditions in the family were brought about by the difference in attitude of the husband and wife in reference principally to the manner in which their money should be spent or invested and the lack of observance of the amenities and demeanor which promote geniality in family life. Courts are not at liberty to permit sympathy for such conditions to control their judgments, and in our opinion, Mrs. Long was wholly without statutory grounds for a divorce. McNabb v. McNabb, Tex. Civ.App., 207 S.W. 129; Yosko v. Yosko, Tex.Civ.App., 97 S.W.2d 1023; Hyatt v. Hyatt, Tex.Civ.App., 111 S.W.2d 341; Finn v. Finn, Tex.Civ.App., 185 S.W.2d 579; McNeill v. McNeill, Tex.Civ.App., 199 S.W.2d 221.

■ Since Mrs. Long did not have legal grounds upon which to base her suit for a divorce, the suit could not have been instituted in good faith and she was therefore without power to bind her husband or the community estate for the attorney's fee which constituted the basis of appellee's suit. The findings of the jury to the effect that Mrs. Long and appellee were acting in good faith in filing the suit were wholly without evidence to support them and the judgment entered by the court was therefore erroneous and cannot be allowed to stand.

■ The record indicates the case was fully developed and we conceive of nothing that could be gained by another trial. The judgment of the court below will therefore be reversed and judgment here rendered that appellee take nothing by this suit.