**ROBERTSON v. ROBERTSON.**

No. 15000.

*Court of Civil Appeals of Texas.*
Fort Worth.

Jan. 7, 1949.

Rehearing Denied Feb. 4, 1949.

Arch Dawson, of Wichita Falls, for appellant.

. Kearby Peery, of Wichita Falls, for appellee. •

SPEER, Justice.

This is an appeal by James B. Robertson from a judgment of the district court of Wichita County, sitting without a jury, denying him a divorce from his wife, Gladys F. Robertson, on the ground of having lived apart without cohabitation for more than ten years.

Defendant's answer consisted of general denial and specially that their living apart was occasioned by the wilful abandonment of defendant by plaintiff without cause. Defendant cross-actioned for reasonable attorney's fees against plaintiff.

This appeal is based upon (1) error of the court in denying appellant a divorce on the uncontradicted evidence that they had lived apart without cohabitation for ten years, and (2) allowance of attorney's fees when defendant had already paid her attorney the fee demanded in the amount herein allowed by the court.

There were no property rights nor children involved in this case. There is no material conflict in the testimony. Both parties testified at the trial. The parties were married and lived in a distant state until they were separated in 1934. The appellee still resides within the state in which the separation occurred. The ap-

pellant had acquired a residence in Wichita County, Texas, such as to qualify him to institute and prosecute this case.

Our sole duty under the first point is to construe and apply subdivision 4 of Article 4629, Vernon's Ann.Civ.St. That article and the subdivision read:

"A divorce may be decreed in the following cases: (1) * * * (2) * * * (3) * * *

"(4) Where a husband and wife have lived apart without cohabitation for as long as ten (10) years."

The testimony shows without dispute that the parties were legally married and lived together for several years; that appellant left appellee in 1934 and they remained separated without cohabitation thereafter. This suit was filed June 12, 1948. There is, perhaps, a conflict in the testimony as to why plaintiff went away, thus producing the separation. He said, without further explanation, he just could not stand it any longer. She said she had performed her marital duties and that appellant had no legal reason or excuse for leaving her. Appellant frankly admitted at the trial that he had lived with another woman part time since the separation, and that he had contributed nothing to the support of appellee.

The trial court found the uncontradicted facts as above stated and also that appellant left appellee without cause or provocation; that a reasonable attorney's fee for appellee is $250.00. Upon these fact findings the court denied a divorce to appellant and allowed attorney's fees to appellee against appellant in the amount above indicated.

We have been cited to no case in this state nor have we been able to find one where the precise question now before us has been decided. In support of the judgment appellee's counsel says that Jones v. Jones, Tex.Civ.App., 176 S.W.2d 784, is the only case he can find directly in point. That opinion reflects that the decree of divorce for plaintiff was upon the ground of cruel treatment. The opinion recites that the parties had lived apart without cohabitation for more than ten years and further that defendant was guilty of cruel treatment such as to render their living together insupportable. It was developed in the testimony of that case that plaintiff had been guilty of adultery since the separation. The appellate court applying the doctrine of recrimination against plaintiff reversed the judgment of the trial court and rendered judgment denying a divorce. Appellee in this case has attached to her brief certified copies of the petition and answer in the cited case to aid us in understanding what the court was passing upon. From a reading of the petition we find that plaintiff alleged the date of marriage "and that they had lived together as husband and wife until on or about the first week in December, 1928, when the plaintiff, by reason of improper treatment on the part of defendant, was forced and compelled to abandon her and he has not since that time lived with her as man and wife." The petition was filed January 2, 1943. In point of time the suit was instituted more than ten years from the date of separation but from the petition of plaintiff and especially that part we have quoted, it is clear to us that plaintiff did not seek a divorce on the fourth subdivision of Article 4629, that is, because the parties had lived apart without cohabitation for ten years. Separate and apart from the allegations as to their living apart as quoted above, there are definite allegations of cruel treatment on the part of defendant. As indicated by the opinion, as well as the petition, divorce was upon the ground of cruel treatment. In such cases, it cannot be doubted that recrimination of acts by plaintiff comparable to the cruel treatment alleged presents a defense to divorce on that ground, and that is all that was decided in that case. The court cited Franzetti v. Franzetti, Tex.Civ.App., 120 S.W.2d 123, a case decided under similar allegations and facts. In that case it was announced that adultery is a defense to any ground of divorce. Authorities relied upon involved alleged cruel treatment.

The question of recrimination and subsequent conduct of a plaintiff seeking a divorce on the ground of cruel treatment is not before us. If we are correct in this,

the court in the cited case did not pass upon the provisions of the statute now before us.

Appellee's counsel cites many cases by the courts of this and other jurisdictions in support of the judgment in this case. All of the Texas cases discuss recrimination against plaintiffs who had sought divorces on grounds other than the one before us. She cites the case of Schulz v. L. E. Whitham & Co., 119 Tex. 211, 27 S.W.2d 1093, because of certain language found in that opinion. She concedes, however, that the language was dictum and foreign to the question before that court. The cited case involved the validity of a mechanic's lien contract by a married man on a homestead when the husband and wife were living apart, and the wife did not join in the instrument. Chief Justice Cureton wrote at length on the point there before the court as well also (as conceded by all parties here) on a matter not before the court. There was no issue of a divorce nor grounds for divorce involved in that case; no divorce was sought or had. The facts reveal that the husband was living on the property at the time he executed the controverted mechanic's lien contract while the wife and children lived elsewhere and the husband was supporting and maintaining them, and the wife did not join in the mechanic's lien contract. The court discussed all the grounds of divorce, including subdivision 4 now before us. The old case of McGowen v. McGowen, 52 Tex. 657, was cited, wherein the court discussed what is now the second subdivision of Art. 4629, supra, referable to the wife's "voluntarily" abandoning the husband for a period of three years. That provision is still our statutory law and has been for over fifty years; and we think it indicative of the legislative intent when no such language was used in connection with subdivision 4 now under consideration when it was passed in 1913 and re-enacted in 1941. In the Schulz-Whitham & Co. case the court also cited with approval what was said in Cole v. Cole, 27 Wis. 531, in which case, among other things involved, was the construction of the divorce statute which provided for a divorce "whenever the husband and wife shall have voluntarily lived entirely separate for the space of five years next preceding" the filing of the petition for divorce. Laws Wis.1866, c. 37.

In view of the fact that subdivision 2 of our divorce statutes above referred to contains the word "voluntarily" and finding the same word used in the Wisconsin statute, the court in the Schulz-Whitham case went on to say [119 Tex. 211, 27 S.W.2d 1097] "then subdivision 4 was added in 1913, for the purpose of meeting no doubt conditions of mutual separation to which the previous enactment did not apply." It will be observed that the court read into the subdivision of the statute now before us the word "mutual" referable to the separation of the parties.

Subdivision 4 to Article 4629, Vernon's Ann.Civ.St., now before us, was passed in 1913, and as it appears in the original act, 33rd Legislature, p. 183, it read: "Provided further that in addition to the grounds for divorce now provided by statute, that where any husband and wife have lived apart without co-habitation for as long as ten years, the same shall be sufficient grounds for divorce." In codifying, all of the quoted sentence before and including the word "statute" and after the words "ten years" were omitted. We think the language used by the Legislature is helpful to us in understanding what it meant. It will be noted that the Act nowhere includes the words "voluntary" or "mutual," but clearly indicates that independent of any other provisions of the statutes there is ground for divorce of the parties if they have lived apart without cohabitation for as long as ten years. Since the opinion in Schulz v. L. E. Whitham, supra, was written, the Legislature re-enacted Art. 4629, supra, in 1941 and did not change the language in any form, thereby indicating that it was to stand as originally written which, as we view it, needs no additional explanations and interpolations.

■ We construe the fourth subdivision of Article 4629, supra, to be grounds for divorce separate and independent from any other grounds provided by statute. The quoted provision is clear, plain and unambiguous. The courts have no right or prerogative to add to or take from such

legislative enactments, nor to construe it in such a way as to make it meaningless and to add nothing to the previously existing statute which named "abandonment" as a ground for divorce. We think such a statute was passed because it was conducive to the belief that reconciliation after that period of time was improbable. As we view the statute, it matters not which of the spouses was at fault for the original separation, and when, as in this case, no charge of misconduct by the defendant is relied upon by the plaintiff, there can be no ground for comparison of conduct such as that involved in what is sometimes called recrimination. We find nothing in the Act making the living apart for ten years under the limitations there mentioned grounds for divorce, which necessarily or reasonably implies that their living apart must have either been "voluntary" or "mutual." There is nothing in the Act which indicates that the Legislature meant to put either party on probation for an exemplary life of strictest rectitude according to any one's code of good morals during the period of time named by the statute. Nothing can be said in justification of the acts of the philanderer, but society, through the State, has its own means of exacting retribution. It occurs to us that subdivision 4 of Art. 4629, supra, here under discussion, was passed to render unnecessary revealing to public gaze the unhappy events, if not sordid ones, that have come to mar two otherwise happy lives.

In justification of the construction we are placing upon the act under consideration, courts of other states having similar provisions hold that plaintiff's right of divorce does not depend upon whether the plaintiff was at fault when the original separation took place and that the previous conduct of the parties may not be inquired into, that is, the skeletons buried in the closets of so many unhappy couples should not be dragged out to public view when neither has accused the other of having broken the marital relation, as a ground for divorce.

In Speer's Law of Marital Rights in Texas, 3d Ed., p. 743, sec. 605, it is said: "Where a husband and wife have lived apart without cohabitation for as long as ten years, either may have a decree of divorcement as of course." The author cites Landers v. Landers, Tex.Civ.App., 220 S. W. 359. The cited case involved a wife who was, at intervals, insane, but held that if the ten year period of separation was complete, without including any part of the time she was insane, proof of the ten year period entitled her to a divorce.

Many of the states have statutes similar in some respects to the one under consideration in this case and the constructions given by the majority of the courts in those states are to the effect that when divorce is sought upon that provision of the law providing that they shall live apart without cohabitation for a given time, the cause of the original separation and the subsequent conduct of the one seeking a divorce are not the proper subjects of inquiry. Among the states so holding are Alabama, Arizona, Arkansas, District of Columbia, Kentucky, Louisiana, Minnesota and Nevada. In Washington, Wyoming and North Carolina the contrary rule has been announced. We note that by the statutes of Wyoming relief is expressly denied to the party who is at fault. To discuss in detail the various statutes of the named states and the construction of each by the respective courts would unduly prolong this opinion. Informative pronouncements may be found in the annotations under "Effect of Fault of Party" in 51 A.L.R. 763; 97 A.L.R. 985; 111 A.L.R. 868; 152 A.L.R. 336; and 166 A.L.R. 498.

It is our belief, and we so hold, that neither appellant's conduct causing the separation nor his subsequent acts during the period of ten years relied upon by him in this case preclude him from a decree of divorce. These conclusions require sustaining the first point of error.

Points of error 2, 3 and 4 complain because the court allowed appellee to recover attorney's fees in the sum of $250.00 based upon the contention that there was no testimony showing that she was without property sufficient to pay the attorney's fees and for the further reason that the undisputed testimony shows that she had already paid the fees at the time of trial.

 It seems that this precise point has not been decided by our courts. It has uniformly been held in this state that when the wife in good faith prosecutes or defends a suit for divorce she is entitled to recover attorney's fees, predicated upon the ground that they are for necessaries for the protection and preservation of herself and estate. In Moore v. Moore, Tex.Civ.App., 192 S.W.2d 929, this court discussed the subject somewhat at length, reviewing the previous authorities on the subject and our views have not been changed since that opinion was written. That case did not reach the Supreme Court; it was handed down on January 25, 1946. On February 20, 1946 the Supreme Court decided Roberts v. Roberts, 144 Tex. 603, 192 S.W.2d 774, which case had not been published at the time of the opinion by this court first cited. The Roberts case was a certified question and it, too, reviews the authorities and did not alter the rules and principles announced by this court. The only material difference between the two last cited cases and the one before us is the question of appellee having already paid her attorney the fees for his services prior to the trial and she sought to recover of appellant the amount of fees so paid by her.

 Appellant argues that the presumption prevails in this case that appellee paid her attorney's fees out of community property. We are unwilling to concede that this presumption exists. There is testimony in the case that the son of appellee told appellee's attorney that his mother had no funds except what he loaned to her and that he would not loan her the money to pay this fee. This testimony was given by appellee's attorney while being questioned by counsel for appellant. The record does not disclose the date on which appellee paid her attorney the $250.00, but it was subsequent to the time the son had talked to the attorney. If a presumption is to be indulged, it would follow from this that she borrowed the money from some other source. In such circumstances appellee would be entitled to recover against appellant as attorney's fees the amount she had been required to pay either from her separate funds or to repay the obligation she had incurred by which she procured the money to pay the attorney's fees. Many of these matters are referred to in 15 Tex. Jur., p. 655, sec. 156 et seq.

The testimony in this case was fully developed and nothing could be accomplished by a reversal and remand of the case for another trial. We therefore reverse that part of the judgment denying a decree of divorce in favor of appellant and render judgment in his favor for divorce as the trial court should have done. We affirm that part of the judgment rendered in favor of appellee for attorney's fees.

Costs of the trial court are taxed against appellee, defendant in the trial court, and the cost of this appeal will be taxed one-half against each of the parties, under Rule 448, Texas Rules of Civil Procedure.

Reversed and rendered in part and affirmed in part.