## THOMPSON v. THOMPSON.

### No. 12110.

Court of Civil Appeals of Texas. San Antonio.

May 31, 1950.

Maxwell Burkett, San Antonio, for appellant.

Frank Vaughan, San Antonio, for appellee.

BROETER, Justice.

This is an appeal by the wife from a judgment granting the plaintiff, husband, a divorce and appointing a receiver with directions to sell the community property and disperse the proceeds after payment of costs of court and of receivership, as follows: $1,000 to the plaintiff, Wm. W. Thompson, representing his separate interest in the property; the payment of community debts including $150 as attorney's fees for the attorney for the defendant, and balance to plaintiff and defendant in equal shares. The ground on which plaintiff sought a divorce was cruel treatment. Such other matters as may be necessary to complete a full statement of this case and the issues involved may be gathered from recitations hereafter made in this opinion.

Appellant in this appeal presents four points of error. The first three points assail the sufficiency of the evidence to warrant the court in granting appellee a divorce—it being contended that the trial court erred in granting appellee a divorce upon his uncorroborated and contradicted testimony and that such evidence fails to meet the clear and satisfactory requirement of Article 4632 of Vernon's Annotated Civil Statutes. Such first three points are presented by appellant together and we will so consider them. We do not believe there is any merit in these three points. The trial court only heard as witnesses the plaintiff, the defendant, and the practicing attorney who testified only as to the reasonableness of an attorney's fee for the wife.

The evidence discloses that the parties married in November, 1944, and each had three children by a former marriage. The plaintiff was a church member; defendant was an atheist. She did not believe there was a hell. The husband's children did not live with the litigants. At the time of the marriage the wife's children were in an orphans' home located in San Antonio, Texas, and came to live with their mother and stepfather about eighteen months after the marriage. They were then fourteen to seventeen years of age. The evidence establishes that the stepfather made considerable effort to see that such children attended school and church and conducted themselves decently and properly. The mother could not control the conduct of her children. She had a violent temper. She requested the stepfather to exercise fatherly control over her children. He was unable to make the boy and oldest girl mind or perform small home chores without having serious disputes with them which resulted in the girl cursing her stepfather. The children showed little respect for him. The wife accused plaintiff of infidelity, cursed and abused him, using most vile language on many occasions. Plaintiff testified that on one occasion he was compelled to call the police to stop his wife from cursing and abusing him. He was afflicted with arthritis and was nervous. They separated and remained apart for several months and plaintiff filed a suit for divorce, but later same was dismissed and they undertook living together again. She again accused him of infidelity and prepared to meet any woman who would talk to him by placing a rock in her purse when she went to the bowling alley with him. Plaintiff did not offer corroborating witnesses. Defendant denied she had cursed and abused him, but did say plaintiff had called the police, as testified to by

him, and admitted she had a bad temper and that she could not control the children, and that the plaintiff had taken the children to Sunday School and wanted them to attend public school. Plaintiff estimated that defendant had cursed and abused him as many as one hundred times or more. The husband and wife both testified it would be impossible to live with each other. The above facts with other evidence appearing in the record, in our opinion, warranted the trial court in granting plaintiff a divorce. Burt v. Burt, Tex.Civ.App., 261 S.W. 407, par. 2 and cases there cited.

This Court, as late as November, 1949, said, in the case of Ellis v. Ellis, Tex.Civ. App., 225 S.W.2d 216, 217: "It is now recognized by the great majority of the Courts of Civil Appeals, that 'the statute does not require that the testimony of either spouse be corroborated in a divorce suit.'" Many cases are cited in that opinion and we here refer to same for further authorities.

Appellee's testimony, though denied by appellant, was evidently believed by the trial judge whose duty it was to pass on the credibility of the witnesses. Nix v. Nix, Tex.Civ.App., 218 S.W. 242, 243.

If it can be said that appellee condoned the acts of cruel treatment by dismissing the first suit for divorce and reuniting with appellant, then the repetition of the acts thereafter had the effect of reviving the former acts and rendered them available as a basis for divorce.

It is said in 15 Tex.Jur., § 49, p. 502: "The doctrine of condonation is conditional and limited in its application. Condonation of cruelty operates as a bar only where there is no further ill treatment, the effect of a repetition of misconduct being to revive all former acts and render them available as the basis for a decree."

Appellant's Points 1, 2 and 3 are overruled.

By appellant's Point 4 she assails the action of the trial court in directing that the attorney's fee awarded her be paid by the receiver out of the proceeds of sale of the community property.

In Robertson v. Robertson, Tex.Civ.App., 217 S.W.2d 132, 137, par. 7, it is said: "It has uniformly been held in this state that when the wife in good faith prosecutes or defends a suit for divorce she is entitled to recover attorney's fees, predicated upon the ground that they are for necessaries for the protection and preservation of herself and estate."

The above case cites Moore v. Moore, Tex.Civ.App., 192 S.W.2d 929, wherein the court fully discusses the propriety of allowing the payment of the wife's attorney's fees out of the community estate and holds the court may properly direct the same be so paid on the theory that they are a necessity for the protection of the wife's property rights.

Appellant's fourth point is overruled.

No error appearing in the record, the judgment of the trial court is affirmed.