John A. GARCIA et ux., Appellants,

v.

Jack F. COOK, Jr., Appellee.

No. 11065.

Court of Civil Appeals of Texas.

Austin.

April 3, 1963.

Rehearing Denied April 24, 1963.

874

M. N. Garcia, Austin, for appellants.

Dorothy Giberson Croom, Austin, for appellee.

PHILLIPS, Justice.

This suit was brought by Jack F. Cook, Jr. an attorney, hereinafter referred to as appellee, to recover certain attorney's fees from Dr. John A. Garcia and his wife, Mary Sue Garcia, hereinafter referred to as appellants. The suit arose in the Travis County Court at Law where after a trial before the court, judgment was awarded appellee for past due attorney's fees of $175.00 plus $125.00 in attorney's fees for this cause.

In reality both parties hereto are appellants. Dr. Garcia and his wife are appealing from the judgment in its entirety while Jack F. Cook, Jr. has appealed only from that portion of the judgment wherein he was awarded the sum of $175.00 rather than the $250.00 for which he sued.

John A. Garcia filed suit for divorce against his wife on November 5, 1958; however, she was never served with citation and the evidence established and the Trial Court so found, that Dr. Garcia and his wife continued their normal marital relationship after the divorce petition was filed.

In February 1961, Mrs. Garcia approached appellee in church, told him that her husband had filed for divorce, that the suit had been filed for some time but that now he was insisting on trying it. Appellee asked Mrs. Garcia to come by his office and she did so on February 20, 1961.

On February 24, 1961, appellee filed a general denial in behalf of Mrs. Garcia. This was more than two years after Dr. Garcia had filed his suit for divorce in 1958.

Sometime after filing a general denial in behalf of Mrs. Garcia, appellee filed a cross-action for divorce and asked for and received a Temporary Restraining Order and Temporary Injunction against appellant, John A. Garcia, as well as an Order of Child Support Pendente Lite. The Garcias have six children all under eighteen. Appellant, John A. Garcia did not contest any of the actions filed by the appellee in behalf of appellant Mary Sue Garcia, nor has John A. Garcia ever filed any pleadings in respect to the divorce suit other than the original petition he filed in 1958.

Appellee alleged in the Trial Court that Mrs. Garcia employed him in good faith to represent her in the divorce suit, related to him probable grounds for defense of the suit and probable grounds for a cross-action for divorce against John A. Garcia, and requested appellee to contest Garcia's suit for divorce, to file a cross-action against Garcia for divorce, to obtain a restraining order and injunction against the defendant and to obtain alimony pendente lite for Mrs. Garcia, to advise and assist her concerning their community property and the Federal Tax Claims [1] against such property and to

1. During the pendency of this litigation the Federal Government had filed tax liens against the Garcias' property.

do other things necessary to protect the legal rights of Mrs. Garcia.

Appellants defended on the theory that the legal services rendered by appellee in behalf of appellant Mrs. Garcia were unnecessary.

The Trial Court made extensive findings of fact and certain conclusions of law. We will recite only those findings necessary to the determination of this case.

The Trial Court found that subsequent to the filing of the divorce petition by John A. Garcia in 1958, defendants John A. Garcia and Mary Sue Garcia, lived together as husband and wife. That defendant, Mary Sue Garcia, did not want to be divorced and that she acted in good faith in employing appellant to represent her, and had probable grounds for defense of said divorce suit. That appellant represented defendant Mary Sue Garcia, from February 20, 1961 until September 27, 1961, at which time defendants John A. Garcia and Mary Sue Garcia had previously become reconciled and appellee was discharged as attorney for Mary Sue Garcia. That appellant filed a cross-action for Mary Sue Garcia even though she did not want a divorce, because she stated that if a divorce was granted she wanted to be the one receiving the divorce. That appellee received no money for his services until after he was discharged as attorney for Mary Sue Garcia. That on September 27, 1961, appellee rendered his final bill to the defendants for his services rendered in the amount of $350.00; that on or about January 2, 1962, the defendant, John A. Garcia, paid appellee the sum of $100.00. That all of the legal services performed by plaintiff for defendant Mary Sue Garcia, were of the reasonable value of $350.00. That immediately prior to the employment of appellant by defendant Mary Sue Garcia, defendant John A. Garcia, insisted that his said wife employ an attorney so that they could obtain a divorce trial; and that at the time of said employment

and subsequent thereto, defendant John A. Garcia was insisting on obtaining a divorce trial.

The Trial Court made the following conclusions of law: That the appellee was bound by his bill of April 14, 1961, in the amount of $95 for the services rendered to defendant Mary Sue Garcia for February and March 1961.[2] That the reasonable value of legal services performed by appellee for defendant Mary Sue Garcia, for the period of April 1, 1961, through September 27, 1961, was $180.00. That the reasonable value of the attorney fees for representing Mrs. Garcia was $125.00.

This suit is determined by the rules expressed by this court in Neblett & Norman v. Goukas et ux., Tex.Civ.App., 40 S.W.2d 1113, (1931), no writ history. Here the appellants sued for attorney's fees for their services in a suit for divorce in favor of the wife against the husband. After the suit was filed a reconciliation was effected between the parties, and the wife, as plaintiff, declined to prosecute the suit further and to pay appellants any fee. The defense to this suit was that the wife, at the time she employed appellants, did not have sufficient grounds for divorce; that such services of appellants were wholly unnecessary. The court rendered judgment for appellees, husband and wife.

In affirming the judgment, this court said, "The principle on which a husband may be held liable for attorneys' fees for services rendered his wife in a divorce suit is that such services are for necessaries furnished the wife. Before they can be so deemed, and the husband or the community chargeable therefor, it is now well settled in this state that such services must be rendered 'in the prosecution or defense of a bona fide suit for divorce, based upon good grounds, instituted and conducted in good faith and upon probable cause.'" Citing cases.

2. Appellee maintained that this was not a final bill for services rendered to date but was merely in the nature of a retainer.

The court continued, "And where reconciliation, favored by the law, has been effected, and the wife declines to appear and prosecute such suit, the burden rests upon the attorneys who claim such fees to show not only that they acted in good faith but that their client also acted in good faith and upon probable cause." Citing cases.

The petition of divorce in the Neblett case discloses ample grounds for such divorce and was sworn to by the wife. At the trial of the case there was no competent evidence, excluding the petition and her statements to her attorneys, that the wife had probable cause for divorce. The Trial Court found, under the proof offered, that she did not have probable grounds. This court held that if she did not have such grounds, she did not act in good faith and the services of her attorneys were not for necessaries.

In the case presently before us, the Trial Court found that Mrs. Garcia had acted in good faith in consulting an attorney and her husband had urged her to do so as he wanted a divorce; however, their actions spoke much louder than their words. The Trial Court also found that the defendants had never ceased to live together as husband and wife after the husband had filed for divorce.

The testimony discloses that the appellee and Mrs. Garcia were members of the same church. That he saw the Garcias together at several church functions after Mrs. Garcia had called upon him seeking legal advice. After bringing out these facts, counsel for the Garcias asked the appellee:

"As far as you know, they may have lived together?"

The appellee answered:

"It is possible."

■ John A. Garcia's petition for divorce, which was entered in this lawsuit as an exhibit, made a general allegation of cruelty as grounds. Whatever specific acts of cruelty might have been proved against Mrs. Garcia at the trial for divorce would have been condoned as a matter of law by their continued living together as man and wife. Bippus v. Bippus, 246 S.W.2d 502, Tex.Civ.App., 1952; 20 Tex.Jur.2d Sec. 50 and cases there cited.

Appellee either knew or should have known under the existing facts that Garcia's suit for divorce could not have been successful, and further, that his defense of Mrs. Garcia was to a lawsuit that obviously was not "a bona fide suit for divorce, based upon good grounds, instituted and conducted in good faith and upon probable cause" as the rule in the Neblett case requires.

The testimony shows conclusively that the various orders obtained by appellee for child support, and restraining orders against Garcia were completely useless and unnecessary. Such orders were never contested. There was absolutely no evidence that the children were not being cared for or that Dr. Garcia should be restrained in any manner whatsoever. Other than the filing of the original suit, the Garcia family life was never materially altered in any way.

The Trial Court found that Mrs. Garcia did not want a divorce but that if one was granted, she desired that it be granted her. The cross-action for divorce was not warranted under the facts and the law as they existed. All of the services performed by appellee were pyramided upon the divorce action brought by Garcia two years previously which was patently not brought and conducted in good faith.

■■ The rule laid down in the Neblett case places the burden upon the attorney in a case such as this to show that he acted in good faith and that his services were necessary. The appellee has failed to meet the test. Long v. Lewis, 210 S.W.2d 207, Tex.Civ.App., 1948, writ ref., n. r. e. Consequently, neither Dr. Garcia nor the community estate can be charged with a bill for his services.

In his brief appellee cites Fasken v. Fasken, 260 S.W. 698, Tex.Civ.App.; Thompson v. Thompson, 231 S.W.2d 496, Tex.Civ. App.; and Danache v. Danache, 296 S.W.2d 821, Tex.Civ.App., as authority that a distinction is drawn between cases where the wife sues for divorce and cases where the wife is defending a divorce action brought by the husband. He argues that the cases require good faith on the part of the wife in either instance but require a showing of "probable grounds" for divorce only where the suit is brought by the wife. That the reason for this rule is that often the wife's defense is the husband's lack of adequate legal grounds for divorce.

Without passing on the correctness of the rule appellee has drawn from these cases, these cases are not controlling here. In the Fasken case the husband brought suit against the wife for divorce and was successful. The court allowed attorney's fees for the wife's defense ruling that the wife was entitled to defend her marital rights where such defense was brought in good faith and attorney's fees were necessaries whether she was successful or not. The Thompson case has facts and holding similar to the Fasken case. In the Danache case the husband brought suit for divorce, the wife defended, the court refused to grant the divorce, however, allowed the wife attorney's fees.

In each case cited by appellee attorney's fees were allowed for the defense of a *bona fide suit for divorce instituted and conducted in good faith*. Such was not the case here.

In view of our holding, it is unnecessary to discuss the point of error raised by appellee.

The record indicates the case was fully developed and we conceive of nothing that could be gained by another trial. The judgment of the court below will therefore be reversed and judgment here rendered that appellee take nothing by his suit.

Reversed and rendered.